**Rudolfo Leon DOPICO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00575–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 9, 1988.

James M. Leitner, Audley H. Heath, Houston, for appellant.

John B. Holmes, Dist. Atty. Harris County, for appellee.

Before JACK SMITH, SAM BASS and COHEN, JJ.

## OPINION

COHEN, Justice.

Appellant was found guilty by a jury of delivering at least 400 grams of cocaine, and the jury assessed punishment at 75 years imprisonment and a $245,000 fine.

The primary issues for decision are whether the trial judge erred (1) in limiting appellant's cross-examination of a police officer concerning the entrapment defense, and (2) in denying appellant's request to make a bill of exception of the officer's excluded testimony in question and answer form, rather than by affidavit.

Appellant testified at trial and admitted the allegations, but claimed that he was entrapped by government informant Gustavo Rodriguez. Appellant claimed entrapment in his opening statement, testified about entrapment, and argued entrapment to the jury as his sole defense. The trial court charged the jury on entrapment, instructing it to acquit appellant if it found, or had a reasonable doubt, that he was entrapped.

Appellant filed a pre-trial motion to discover the informant's identity. It stated:

The informant is a material witness ... in that the informant was present at the arrest of Defendant, which occurred on January 20, 1986, upon which the charges against the Defendant are based and is in a position to testify directly about the facts of the case, and therefore the identity of the informant is necessary to fair determination of the cause.

The failure of the prosecution to disclose the true name of the informant, whose identity is unknown to the Defendant, will deprive the Defendant of the right to subpoena a witness favorable to the Defendant.

The appellant also filed a motion for discovery that alleged the same facts as the motion to discover the informant's identity. In that motion, he asserted that the informant was a material witness concerning the entrapment defense and concerning the assessment of punishment because of the informer's knowledge of the extent of appellant's participation in the entire transaction, compared to other participants. The motion asserted that appellant did not know the informant's true name or address and could not discover them through rea-

sonable diligence. It asserted that without the informant's testimony, appellant would not be able to present his defense. Finally, appellant characterized his discovery motion as a "continuing" motion that sought the informant's identity "once the State ... is made aware that this motion is meritorious and should have been granted."

The seeds of reversible error in this case were planted at the pre-trial hearing on these motions. An attorney for one of appellant's co-defendant's presented the motions on behalf of all three defendants.[1] The following transpired:

[DEFENSE COUNSEL]: Judge, we also have a motion to discover any confessions or agreements made between third parties. I have talked to the State through (prosecutor) and he has told me there are no confessions or agreements at this time. *I'm also including confidential informants,* and he has advised he will look into that.

[PROSECUTOR]: That is correct, Your Honor. *At this time I am unaware of any. If I do find any, I will make all three gentlemen aware of the situation* if, in fact, one of these gentlemen or their clients decide to testify in behalf of the state. Of course, I will make any arrangements or agreement to the other three defendants.

[THE COURT]: This case is 118 days old. *I assume if there was any confidential informant participation in here he* [the prosecutor] *would probably be aware of it by now.*

(Emphasis supplied.)

The judge's assumption was incorrect. There was an informant, but the prosecutor never revealed his identity, and claimed ignorance when confronted with the evidence at trial. Gustavo Rodriguez was revealed as the confidential informant during cross-examination of a State's witness, Officer Villasana.

The record reflects that late in the afternoon of the day before Rodriguez's identity was disclosed, appellant's attorney ob-

---

1. Appellant was tried together with one co-defendant. The other co-defendant's cause was severed.

tained a subpoena for Rodriguez. The subpoena was not served, however, and Rodriguez did not testify.

Appellant's second point of error asserts that the trial court erred by refusing to permit appellant to perfect an offer of proof in question and answer form following its ruling prohibiting further cross-examination of Houston Police Officer Rosales. The fourth point of error contends that the trial court erred by limiting the cross-examination of Officer Rosales.

Officer Villasana had testified before Officer Rosales and had admitted that Gustavo Rodriguez was the informant. He denied that Rodriguez was "working off" a criminal case, and stated that Rodriguez was only working for money. Officer Villasana had also testified that Rodriguez had been present at a meeting on January 19, 1986, along with appellant, Officer Rosales, and himself. Final arrangements for the cocaine sale were made at that meeting.

When Officer Rosales was cross-examined, the following transpired:

Q: The fact of the matter, Officer Rosales, is that you know that Gustavo Rodriguez is the confidential informant in this case; is that correct?

A: No, sir, I can't say that.

Q: You can't say that?

A: No sir, because the information we received is confidential.

Q: Well, Officer Rosales were you at the TGI Friday restaurant on January 19 this year?

A: Yes, sir.

Q: Was Gustavo Rodriguez there?

A: It was myself and Officer Villasana.

Q: Was Gustavo Rodriguez at the TGI Friday restaurant? It's a simple question, yes or no?

A: I can't say if—

Q: You realize your under oath, officer?

A: Yes, sir.

Without objection from the State, the trial court then halted testimony, removed the jury, and refused to allow further questioning of Rosales, ruling that it was irrelevant. Appellant's counsel argued that Officer Rosales' testimony conflicted with that of Officer Villasana, who had placed Gustavo Rodriguez at the scene of an offer to sell cocaine on January 19. Counsel argued that testimony establishing the informant's presence at the time and place where the offer to sell was made would tend to establish the entrapment defense. The court ruled that evidence of entrapment was irrelevant, pointing out that the defense of entrapment was not mentioned at voir dire or in a pretrial motion, as required by Tex.Code Crim.P.Ann. art. 28.-01, § 1(9), 2 (Vernon Supp.1988). The court overruled appellant's motion for mistrial based on surprise caused by Villasana's testimony.

The prosecutor, offended by defense counsel's statement that he had failed to divulge the necessary information, stated: "I did not know about Gustavo Rodriguez.... This State's prosecutor didn't have any idea about this Gustavo Rodriguez being a human being."

Appellant's counsel then requested a bill of exceptions, whereupon the court responded: "I think its been fully explored. It's all laid out in the record. It's pretty doggone obvious what you want to do and what you have been pursuing." When counsel complained that he was being denied a bill of exceptions, the court stated that he could make one "by affidavit." Appellant shortly thereafter again requested to make a bill of exceptions concerning Rosales' testimony.

If the trial judge ruled correctly, but for the wrong reason, the ruling will be upheld. *Calloway v. State*, 743 S.W.2d 645 (Tex.Crim.App.1988). Thus, we must decide whether any of the court's three justifications are sufficient to uphold the limitation on appellant's cross-examination of Officer Rosales or the court's refusal to allow a bill of exceptions to be made in question and answer form.

■ Article 28.01 provides that the entrapment defense shall be raised at a pretrial hearing, if one is held, and that failure to raise entrapment then will prevent it from being raised later, except with the

court's permission for good cause shown. We find that this case is not appropriate for such a sanction. First, the prosecutor's lack of information caused him to mislead appellant and the court when he stated at the pre-trial hearing that he knew of no confidential informant. The trial judge reasonably assumed that in a 118–day–old case, the prosecutor would know of any confidential informant. He thus took the statement to mean that there were no informants. This assumption was especially reasonable here because the pre-trial hearing occurred only one day before trial began. Neither the court nor appellant should have suspected that the prosecutor lacked such basic information on such a significant case so shortly before trial. The State argues that appellant was not harmed because he knew that Gustavo Rodriguez had induced him to commit the offense. This response is inadequate, however, when the prosecutor has incorrectly stated that there was no confidential informant. There was no entrapment defense to be asserted at any pre-trial hearing, no matter what inducement Rodriguez undertook, unless Rodriguez was the State's agent, a critical fact that the State falsely denied. The State should not be allowed to mislead the appellant and the court and then claim waiver because the truth was not discovered until trial.

Moreover, appellant asserted the defense of entrapment in his motion for discovery, a fact that should have alerted the prosecutor that a confidential informant might be involved.

We conclude that under these facts, appellant did not waive the entrapment defense by failing to assert it at the pre-trial hearing.

■■■ We have been cited to no authority and have found none holding that the entrapment defense is waived by failure to mention it during jury selection.

■■■ Finally, the trial court erred in ruling that the cross-examination of Rosales was not relevant. Whether the informant was present at the commission of the offense is a factor in determining whether his identity will be disclosed. *Roviaro v. Unit-*

*ed States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). Moreover, Officer Rosales' testimony failing to mention Rodriguez's presence contradicted the testimony of another State's witness, Officer Villasana, and was thus admissible for impeachment. *See Harrison v. State,* 686 S.W.2d 220 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd); *Thomas v. State,* 669 S.W.2d 420 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd).

■■■ The State argues that appellant has waived error because he failed to obtain an adverse ruling from the court when the court refused to allow him a bill of exceptions in question and answer form. The record reflects that when appellant complained, "I'm not being allowed to make a bill of exceptions," the court responded, "You certainly can, by affidavit." This statement, as well as the entire colloquy with appellant's counsel, signifies the trial court's refusal to allow further questioning of Officer Rosales on the bill of exception. We interpret this as an adverse ruling.

The State finally asserts that any error was harmless because appellant had the opportunity to make his bill of exceptions by affidavit and failed to do so. We find that the law provides otherwise.

The Texas Rules of Criminal Evidence were in effect when this case was tried. Rule 103(b) provides that the court "may, or *at the request of a party shall,* direct the making of an offer in question and answer form" (emphasis supplied). The rule is mandatory and gives the defendant the right to decide how his offer of proof should be made. *Accord* Tex.R.App.P. 52(b). The court's ruling did not comply with rule 103(b) or with rule 52(b).

We hold that the court erred by refusing to allow an offer of proof in question and answer form from Officer Rosales and in limiting the cross-examination of Officer Rosales concerning the activities of Gustavo Rodriguez. Given that entrapment was the sole defense in this case, the error was not harmless. Tex.R.App.P. 81(b)(2).

Points of error two and four are sustained.

The judgment is reversed, and the cause is remanded to the district court.

**In the Matter of J.A.F.R., Appellant,**