Cole v. State 






NO. 10-89-117-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          GARRY C. COLE,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 232nd Judicial District Court
Harris County, Texas
Trial Court # 472,425

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          Appellant was convicted of the aggravated assault of a peace officer and his punishment
was assessed at eight years in prison, probated, and a $1000 fine. See Tex. Penal Code Ann. §
22.02 (Vernon Supp. 1991). He contends the court erred when it refused to allow him to make
a bill of exception in question and answer form and refused to allow him to question witnesses
about the shooting of William Dozier. The judgment will be affirmed.
          Shortly after being assaulted by Appellant and William Dozier in a parking lot, Officer
Coons pursued Appellant in an attempt to identify or apprehend him. Appellant escaped only to
be apprehended later by other police officers. The evidence conflicted on whether Coons
identified himself as an officer before Appellant struck him. After Appellant had fled, Coons and
Dozier later confronted each other again, and as a result of this second confrontation, Coons shot
and fatally wounded Dozier. 
          When the court excluded evidence of Coons's shooting Dozier, Appellant sought to include
the excluded testimony in a bill by question and answer form. The court refused to allow him to
make a bill in that manner, but allowed his counsel to make a bill by stating the substance of the
excluded evidence. Point one is based on the refusal to allow a bill to be perfected by question
and answer.
          Bills of exception must be made in question and answer form at the request of a party. 
TEX. R. CRIM. EVID. 103(b); TEX. R. APP. P. 52(b). Thus, the court erred when it refused
to allow the bill to be made in that form. See Dopico v. State, 752 S.W.2d 212, 215 (Tex. App.--Houston [1st Dist.] 1988, pet. ref'd). The question, however, is whether this was harmless error. 
See TEX. R. APP. P. 81(b)(2). The State argues that the error was harmless because Appellant
was allowed to make the bill by stating the substance of the excluded testimony.
          Although he was prevented from making the bill in question and answer form, he was
allowed to perfect it by stating what the excluded evidence would have been. See Gutierrez v.
State, 764 S.W.2d 796, 798 (Tex. Crim. App. 1989). Thus, one cannot say the court did not
know what it was excluding. See id. The failure to allow a question-and-answer bill of exceptions
was harmless beyond a reasonable doubt because the substance of the excluded evidence has been
properly preserved for appellate review. Point one is overruled
          Appellant argues in points two through eight that the court erred when it refused to allow
him to question several witnesses about the shooting of Dozier. Coons's fatal shooting of Dozier,
which occurred subsequent to Appellant's assault of Coons, was not relevant to whether Appellant
had assaulted Coons knowing he was a police officer and, thus, evidence of Coons's shooting
Dozier was properly excluded. See Tex. R. Crim. Evid. 401, 402. Points two through eight are
overruled. The judgment is affirmed.
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice
Before Chief Justice Thomas, Justice
          Cummings and Justice Vance
Affirmed
Opinion delivered and filed July 25, 1991
Do not publish



an style="font-size: 12pt">      Justice Cummings (Retired)
      (Justice Cummings not participating)
Dismissed
Opinion delivered and filed November 10, 1999
Do not publish