## J. M. BROWDER v. THE STATE.

### No. 3222.    Decided January 20.

1. **Practice—Bill of Exceptions.**—Where on his trial appellant's bill of exceptions shows that the court would not permit him to introduce but four witnesses, and that upon his offer to produce others the court not only refused to allow him to do so, but also refused to allow him to state what he expected to prove by these proffered witnesses, and would not allow him to incorporate into his bill of exceptions a statement as to what he proposed to prove by said witnesses, *held*, error. Defendant clearly had the right to demand of the court a bill of exceptions incorporating what he proposed to prove by his witnesses who were excluded, so that the court on appeal might be enabled to act intelligently on the ruling.

2. **Same—Character Witnesses—Witnesses to Impeach.**—A defendant has the right to prove his own reputation for honesty and truth, as also the right to attack and impeach the credibility of the State's witnesses against him; and the fact that he has done so by a number of witnesses will not preclude him from introducing a reasonable number of other witnesses as to the same matter, solely upon the ground that such testimony would be but cumulative.

3. **Malicious Mischief—Failure to Define Willful.**—On a trial for malicious mischief, for willfully and wantonly wounding a cow, it is error for the court to refuse the defendant's special requested instruction defining the words "willfully" and "wantonly," where there has been no definition of these words given in the main charge, and such refusal is reversible error.

APPEAL from the County Court of Dallas. Tried below before Hon. E. G. Bower, County Judge.

Appellant was indicted for malicious mischief in willfully and wantonly wounding a cow; and at his trial was found guilty, and his punishment was assessed at a fine of $10. It is unnecessary to state the facts as shown in the record.

*Bassett, Seay & Muse,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State, confessed error on the failure and refusal of the court to instruct the jury as to the meaning of the words "willful" and "wanton."

WHITE, PRESIDING JUDGE.—Appellant's bills of exception show that the court refused to permit the defendant to introduce more than four witnesses in his behalf, and that after said witnesses had been introduced by him he asked to be permitted to introduce several other witnesses, and upon the court refusing to do so, he asked the court to permit him to state the facts he expected to prove and could prove by said witnesses, so that what was expected to be proved by said witnesses might be incorporated in his bill of exceptions. The court refused to allow him to state the facts expected to be proved by said witnesses, and stated that he would not allow such statement to be incorporated in the bills of exception. Thereupon the defendant asked to be allowed to introduce said witnesses as character witnesses in his own behalf, and further, to impeach the principal witness, Arnold; but the court refused to allow the witnesses to be introduced for such purpose, to which action of. the court the defendant excepted. "It is a general rule, which seems to be well established, that the defendant has the right to prove a material fact by any number of witnesses within the bounds of reason." Wilson v. The State, 18 Texas Ct. App., 576; Adams v The State, 19 Texas Ct. App., 1.

The mode of conducting the examination of witnesses on a trial is and must necessarily be left in a great measure in the discretion of the judge presiding. His action will be presumed to be correct in the absence of a contrary showing. Yanez v. The State, 6 Texas Ct. App., 429; Willson's Crim. Stats., sec. 2510. So a reasonable limitation of the number of witnesses who shall testify to a particular fact is within the discretion of the trial court, and it has been held that a limitation of the number to seven is not an abuse of the discretion in a criminal prosecution for a nuisance, where the court gives notice in advance of the limitation. Mergentheim v. The State, 107 Ind., 567; 8 N. E. Rep., 568; 1 Thomp. on Trials, sec. 358.

We are of opinion that the court erred in its ruling, as shown by said bill of exceptions: First, the defendant had a right to prove his own reputation for honesty and truth; and secondly, the fact that he had already successfully attacked the credibility of the State's witness Arnold for truth and veracity would not preclude him from the introduction of additional testimony as to that matter, upon the ground that such testimony was cumulative in character. But in our opinion the main objection to the action of the court is the refusal to permit the defendant to incorporate into the bill of exceptions what he proposed to prove by said witnesses. This, we think, he most clearly had the right to demand of the court, in order that this court, upon the appeal, might be able to judge intelligently of the character of the injury or prejudice suffered by him on account of the ruling of the court in excluding his witnesses.

Defendant was indicted for willfully and wantonly wounding a cow. In his charge to the jury the court failed to define the terms "willfully" and "wantonly." This omission in the charge of the court was attempted to be cured by appellant, who asked special requested instructions defining these terms, which special requested instructions were refused by the court, and the defendant reserved his bill of exceptions to the refusal. It was error to refuse the special instructions of defendant defining the terms "willfully" and "wantonly."

"Where the word 'willful' is made to characterize the offense, its legal import should be explained in a charge as given, and we are of opinion that it was error to refuse it. Ordinarily, when a penal statute requires that the forbidden act should be 'willfully' done, the charge of the court should explain to the jury the legal meaning of the term 'willfully.'" Thomas v. The State, 14 Texas Ct. App., 200; Wheeler v. The State, 23 Texas Ct. App., 598. The failure of the trial court to define the word "willful" was error, but not reversible error, inasmuch as the offense was a misdemeanor. It, however, became reversible error when the defendant by his special instruction sought to supply the omission, and reserved his exception both to the omission of the court's charge and to the refusal to give his special instruction. Clark v. The State, 23 Texas Ct. App., 260. The Assistant Attorney-General confesses error in the action of the court in this respect. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.