EARL COCKRELL V. THE STATE.

No. 18263. Delivered June 3, 1936.
State's Rehearing Denied June 24, 1936.

The opinion states the case.

*Sanders & McLeroy,* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of robbery, and his punishment was assessed at confinement in the state penitentiary for a term of five years.

Mrs. Hazel Williams, who owned and conducted a sandwich shop and filling station on the Marshall highway in Gregg County, was robbed on the night of September 10, 1935, by a lone bandit who obtained from her at the time $77.70 of the following denominations: $9.00 in nickels, $3.00 in dimes, $13.00 in quarters, $11.00 in half-dollars, and $15.00 in five dollar bills, a ten dollar bill, and ten one dollar bills; and also three checks in sums of $1.50, $2.00 and $38.00. The robber took the money, checks, and cigar box in which it had been placed by Mrs. Williams and left. At the trial Mrs. Williams and a lady clerk, who was in the place of business at the time of the robbery identified appellant as the man who committed the offense. Appellant testified in his own behalf, denying that he committed the offense and testified to an alibi in which he was corroborated by his kinsman, O. L. Crump, who was found in possession of the $38.00 check taken from Mrs. Williams in the robbery.

By bill of exception number one appellant complains because the court declined to draw a special venire in this case and have the same served upon him as prescribed by law in cases charging a capital offense. His contention is that the indictment charged him with a capital offense. We cannot agree with him in his contention. The indictment charges an ordinary felony in that it does not charge that he committed the robbery by the use of any firearms.

By bill of exception number two appellant complains of the action of the trial court in permitting the district attorney to introduce as evidence the check in the sum of $38.00 which was taken from Mrs. Hazel Williams, the injured party. She had identified the check as the one that was taken from her at the time of the alleged offense. The check was made payable to O. C. Chappell, was endorsed by Chappell, O. L. Crump, and Geo. Williams, with the following notation thereunder: "Payment Stopped. Kilgore National Bank, Kilgore, Texas." Appellant's objection to said testimony was that he had never seen the check before, that it was hearsay as to him, that the same solved no disputable issue and could only serve to inflame the minds of the jury against him, that it was harmful, prejudicial,

and foreign to any issues in the case and was an impeachment of the defendant on immaterial matters. The check was a part of the fruits of the crime and seems to have found its way into the possession of appellant's kinsman, O. L. Crump, with whom appellant had been making his home at the time. This was a significant circumstance leading a mind searching for the truth to the door of appellant's abode. Crump's explanation of his possession of said check when first questioned was that Chappell owed him some money and gave him the check in payment after endorsing it in blank on the back thereof. He testified: "I described the man Chappell as being tall, with blonde hair, but that was not a correct description of the man from whom I got the check. I afterwards made a written statement in which I named J. B. Grayson as the man from whom I had obtained the check. About the time of the alleged robbery defendant left my home and went to Shelby County." This testimony placed appellant in the vicinity of the alleged robbery at the time of its commission and was admissible as affecting the credibility of the witness who had on direct examination testified to an alibi for the appellant. What we have said with reference to the above bill of exception also applies to bills of exception numbers four and five.

By bills of exception numbers six and six "a" appellant complains of the action of the trial court in permitting the district attorney on cross-examination of appellant's witness, Bob Isabell, to ask him what he did with the checks, to which he replied, "I passed the checks to J. B. Grayson. I told him I did not imagine they were good; he had better tear them up." —to which appellant objected because it was hearsay, solved no disputable issue, etc. This testimony was withdrawn from the jury by the court and they were instructed not to consider it for any purpose. Hence the same fails to show any reversible error.

By bills of exception numbers seven, eight, nine, and ten appellant complains of the action of the trial court in declining to permit him to prove that his reputation in Shelby County, where he was born and reared and best known, was good for honesty and fair dealing. This trait of character was involved in the offense charged in the indictment. In the case of Jones v. State, 10 Texas Crim. Rep., 552, this court said: "In the second part of the bill of exceptions it is recited that the defendant offered proof of his general character, by witnesses who had known him for ten years and knew his general character; which the court refused to permit, on objection of the prosecut-

ing attorney. In this ruling we are of opinion the court erred. Coffee v. State, 1 Tex. Ct. App., 584. The defendant was entitled to place the weight of his character into his end of the scale, * * * for what it was worth in the estimation of the jury, in connection with the other facts in evidence." Wharton, Criminal Evidence, Vol. 1, p. 237, Sec. 57, says: "Now, character is always presumed to be good until it is impeached, but notwithstandng such presumption it is always relevant for the defendant to offer affirmative evidence of character, and to prove that it was such as to make it unlikely that he would have committed the act charged against him." Again on p. 241, Sec. 59, he says: "While character evidence is now relevant in all prosecutions that subject the accused to punishment by fine or imprisonment, or both * * *." We think that appellant was entitled to prove his good character for honesty and that the court erred in declining to permit him to do so.

For the error herein above pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The State, through the District Attorney of Gregg County, contends in its motion for rehearing that the reversal of the conviction was wrong. The ground upon which the reversal is based is the refusal of the court to permit the appellant to introduce evidence to the effect that his general reputation for honesty and fair dealing in Shelby County, where he had lived all his life and where he was best known, was good. The charge against the accused brought in question his character and reputation, and had he been permitted to do so, he would have put before the jury evidence supporting his general reputation in the particular mentioned. The matter is discussed in some detail in the original opinion, and we are constrained to adhere to the conclusion there announced.

The motion for rehearing is overruled.

*Overruled.*