172 So. 272

SHANES v. STATE.

1 Div. 915.

Supreme Court of Alabama.

Jan. 21, 1937.

Gordon, Edington & Leigh, of Mobile, for appellant.

A. A. Carmichael, Atty. Gen., and Silas Coma Garrett, III, Asst. Atty. Gen., for the State.

BOULDIN, Justice.

Appellant was convicted of the offense of having carnal knowledge of a girl under 12 years of age. Code, § 5410.

■ On direct examination of the prosecuting witness, Norma Perez, a little girl 9 years of age, she testified that she and Virginia Bosker, a girl 14 years of age were coming from school at the Convent of Visitation on the forenoon of Thursday, October 24, 1935, when they were enticed into an unoccupied house by appellant and his brother, where this appellant had carnal knowledge of the witness and the other youth had carnal knowledge of the other girl.

On cross-examination the witness was asked: "Norma, who is your teacher at the Convent of Visitation?" Again: "Who was your teacher at the Convent?" Objections by the State to each of these questions were sustained, and exceptions reserved. These questions may well have been allowed as tending to test the truth of the child's statement that she was coming from school at that place.

■ Cross-examination on matters drawn out by the State tending to throw light on the credibility of the witness should be allowed a rather liberal range. The street address of the teacher, and the fact that she came and went from her address to the convent with these girls was drawn out on further cross-examination. A measure of discretion is reposed in the trial judge in limiting cross-examination touching matters of little probative force.

420

In view of the matters drawn out on this line, we think there was no such abuse of discretion as would warrant a reversal, nor indeed, any probable injury from these rulings.

On further cross-examination it was developed that the witness was going to Clark's School at one time, and the priest told her mother to take her out. Defendant then asked: "Why did he tell her to take you out?" In explaining to the court the purpose of the question, the jury having withdrawn, it appeared defendant was seeking to show the witness was classed as a colored child, one having negro blood, in the matter of school attendance, while in court she was in the company of white persons.

The court quite properly declined to permit a race issue to be brought into the case in this way; and fully justifies the ruling out of an earlier question: "Don't you know they don't let little colored girls go to the Convent of Visitation?"

Again on cross-examination, this witness was asked: "After this matter occurred, you charged two other boys with this offense, didn't you?" On its face, this question calls upon the witness to say whether she had charged other boys with the identical crime now charged to this defendant. It went directly to the credibility of the testimony of the prosecuting witness. It should have been allowed. Sustaining the State's objection was error.

Counsel for defendant sought to argue the admissibility of such testimony, and was stopped by the court, saying: "You have an exception and if I am wrong you are not hurt eventually." This discloses a sufficient exception to present the ruling for review. The court having recognized an exception, it was not necessary that it be repeated.

On further cross-examination of this witness and of the other girl, both testified to a similar assault on the following day by two boys other than this defendant. We do not think, however, this cured the ruling in question. The defendant had the right to show whether this specific crime had been charged by this witness to other parties.

The alleged attack on the two girls having been made at the same time as one transaction in which both boys were participating, it was admissible to show by the examining physician that both girls bore on their persons evidences of having been violated in the manner charged. That this examination was made on the second day after this alleged crime, and the day following another assault, would go to the probative force of these physical signs as against this defendant.

It appeared these girls lived at the time with their grandmother, Mrs. De Beck; that complaint was made to her, and she caused the physical examination to be made.

On direct examination of Caroline Brannon, witness for defendant, after testifying the witness was at the De Beck home about the time of this alleged occurrence, she was asked: "Did you hear when you were there the DeBeck woman tell these children that she was going to get even with these two Shanes boys and for them to say that they committed this offense?"

It appears the court sustained objection for want of a predicate. The predicate here relied upon by appellant appears to have been the following found in the cross-examination of Norma Perez, the victim of the criminal act:

"My grandmother did not have me and Virginia over in our house with our clothes off whipping us, and she didn't make us say she didn't care if it was a lie, she was going to make me charge the two defendants with the crime and say they did it, and she didn't say the reason why she wanted us to say that was because she wanted to get even with Richard Shanes for throwing a gun in her face."

This was not an adequate predicate because of substantial difference between the predicate and the question; and fails to identify the occasion as the same. But we are of opinion the competency of the testimony sought by the question does not depend on a predicate for purposes of impeaching the witness, Norma Perez, in that manner.

In view of the relation of Mrs. De Beck to the girls, the testimony called for was relevant as a circumstance, which, if true, would tend to show the charge against defendant was instigated through ulterior motives; a circumstance to be weighed in connection with all the evidence on the question of defendant's guilt beyond a reasonable doubt.

Evidence may not be refused because it may appear improbable. The truth or falsity, as well as the probative

.force of such evidence, if believed to be true, are. matters for the jury.

For the errors noted, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.