CRESENCIO BARA V. THE STATE.

No. 21391. Delivered January 29, 1941.

8

The opinion states the case.

*Baker & Baker*, of Coleman, for appellant.

*Lloyd W. Davidson, State's* Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of a bill-fold and $90.00 in money. The punishment assessed is confinement in the State penitentiary for a term of three years.

Appellant's principal contention is that the evidence is insufficient to sustain his conviction because the testimony of Isabel Guillen is not sufficiently corroborated. The testimony, briefly stated, shows that on the 18th day of November, 1939, appellant operated a restaurant in the town of Brady, Texas. He had a young man and two women employed to assist him in his place of business. On the day in question, Joe Mireles sold some pecans to a produce company for the sum of $90.00. He placed his money in a brown bill-fold and put it in his pocket. During the day he engaged with some friends in the social drinking of intoxicating liquor. Later in the day, he went to the appellant's place of business where he consumed some more whisky and also danced with Isabel Guillen and Rosa Castillo, who were employees of the appellant. During the time that Mireles was at the restaurant appellant told Isabel that Mireles had a lot of money and that he wanted her to get it; that if she did not get it he would whip her as he had done a night or two before. Thereafter, Isabel, accompanied by Mire-

les, went from the restaurant to the adjoining room, where she reached into his pocket, took the bill-fold and placed it under her arm; that it slipped from under her arm and fell to the floor about the time that appellant came into the room. Seeing the bill-fold on the floor, appellant told Isabel to kick it over to him which she did; that appellant picked it up, put it in his pocket, and went back into the restaurant.

Serapio Lopez, who was also one of appellant's employees, saw the bill-fold on the floor. He saw Isabel kick it towards the appellant. He also saw appellant pick it up and put it in his pocket. When this happened the witness was standing in the doorway between the kitchen and the room mentioned. At the time of this occurrence, there were in said room Isabel, Rosa, Fuentes, Mireles and the appellant. Mireles soon missed his money and searched Isabel, Rosa and Fuentes, but failed to find it. He then asked appellant for permission to search him but this request was refused. Mireles was then ordered by the appellant to leave the cafe or he would have him arrested for disturbing the peace.

Mireles testified that he had his bill-fold when he went into the room with Isabel; that he missed it while in that room; that he saw it on the floor but did not know who dropped it; that when the purse was on the floor the defendant was in the room with all of them.

Appellant took the witness-stand and testified in his own behalf. He emphatically denied that he told Isabel that Mireles had a lot of money and for her to get it. He denied that he had received the money. He filed a plea for the suspension of the sentence in the event of his conviction which he supported by some testimony.

It is our opinion that there is sufficient evidence to make appellant a principal to the commission of the offense, he being present at the time of the commission of the offense, took the loot and walked away with it.

Appellant next contends that the trial court erred in declining to sustain his motion to quash the indictment. We have examined the indictment and deem it sufficient to charge the offense. The indictment in the present instance is not like that in the case of White v. State, 83 Texas Cr. R. 31. It differs from that case in this: That it charges that on or about the 18th day of November, 1939, "and anterior to the presentment of this indictment, in the County and State aforesaid, Cresencio Bara, acting together with Isabel Guillen, did then and there unlawfully and fraudulently and privately take from the pos-

session and the person of Joe Mireles one billfold and $90.00 in money, "etc; while in the White case supra, it is charged that White "did then and there unlawfully and fraudulently and privately take from the possession of the person of Scott Wilson one watch, etc." It will be noted that in the White case the indictment merely charged the unlawful, fraudulent and private taking of a watch *from the possession, of the person of Will Scott,* while in the instant case, it is charged that appellant took the property in question *from the possession and from the person* of Joe Mireles, etc. See also the following cases: Bush v. State, 53 Texas Cr. R. 213; Chitwood v. State, 44 Texas Cr. R. 439.

Appellant addressed several separate and distinct objections to the court's main charge. We have carefully reviewed the charge in the light of the objections and reached the conclusion that they are without merit.

By Bill of Exception No. 1 appellant complains because Serapio Lopez was permitted to testify that Joe Mireles undertook to search the appellant after he missed his bill-fold and money but that appellant refused to be searched. The objection urged to this testimony was that it was but an opinion and conclusion of the witness. We are unable to agree with the appellant's contention. It was but a shorthand rendition of a fact. Moreover, Isabel Guillen had, without objection, testified that after Joe Mireles missed his bill-fold and money, he searched her, Rosa and Fuentes and then went to search the appellant who would not submit to a search. (S. F. p. 13). This court has held time and again that where testimony is adduced without objection which was substantially the same as that objected to no reversible error is shown; citing Clayton v. State, 138 S. W. (2d) 1084; Martinez v. State, 140 S. W. (2d) 187; Jennings v. State, 145 S. W. (2d) 196, and cases cited therein.

Bill of Exception No. 2 reflects the following occurrence: Appellant placed one, F. R. Wulff, on the witness stand, who testified that he had known the defendant for some ten or twelve years and was acquainted with his general reputation as a law-abiding citizen and that this reputation was good. He was then asked if he was acquainted with the general reputation of the defendant as to honesty, to which he replied, "No, sir." He was also asked if he ever heard appellant's reputation questioned, to which the District Attorney objected and the court sustained the objection. Appellant claims that if permitted, the witness would have answered, "No, sir." We believe that

this bill reflects reversible error. The witness should have been permitted to answer the question.

Bills of Exception Nos. 3 and 4 relate to the same alleged error and will be considered and disposed of together. Bill No. 3 shows that appellant asked the witness Wallace if he was acquainted with the appellant's general reputation for honesty in the community in which he knew him. Bill No. 4 shows that the witness, Love Kimbrough, was asked a similar question. Both of said witnesses answered in the affirmative. Then each of them was asked if that reputation was good or bad, whereupon the District Attorney objected to the question and answer because it was not an issue in the case; that the defendant was not a stranger in the county and that no predicate had been laid for any such question. The court sustained the objection and the appellant excepted. The bill further shows that each of said witnesses, if permitted, would have testified that the appellant's reputation for honesty was good. We are of the opinion that the trial court fell into error in excluding this testimony. It is a well-recognized rule in Texas and in most jurisdictions that the accused, in order to exculpate himself, may introduce evidence of his general good character in respect to the particular trait involved in the offense charged. See Pine v. State, 134 Texas Cr. R. 396; Cockrell v. State, 95 S. W. (2d) 408; Browder v. State, 18 S. W. 197. See also Wharton on Criminal Evidence, (10th Ed.,) Vol. 1, p. 230, sec. 67.

By several bills of exception appellant complains of certain remarks by the District Attorney in his closing argument to the jury, some of which should not have been made, as there was no basis therefor in the testimony. However, it is not likely that the same will be indulged in upon another trial. Hence we pretermit a discussion thereof.

For the errors herein pointed out, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.