Linton THOMAS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–83–0153–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 12, 1984.

Rehearing Denied May 10, 1984.

Jay Burnett, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before JACK SMITH, BULLOCK and COHEN, JJ.

OPINION

COHEN, Justice.

Appellant was convicted by a jury of aggravated rape of a child, and the jury assessed his punishment at 25 years imprisonment. He does not challenge the sufficiency of the evidence but does complain that the court improperly limited his cross examination of the victim regarding her earlier false rape accusations and improperly excluded reputation evidence offered at the guilt stage to show his good reputation for proper care of children. We sustain both of these grounds of error.

In his first ground, appellant argues that the trial court erred in excluding testimony concerning the complainant's prior allegations of sexual assaults by strangers. The complainant, appellant's ten-year-old stepdaughter, testified that appellant had had frequent sexual relations with her over a period of several years. She told her third grade teacher about the problem, and the teacher notified the principal, who in turn notified juvenile authorities and the complainant's mother. The complainant said she had not told her mother about the incidents because she was scared.

The complainant's mother, who is the appellant's wife, was called as a defense witness. She testified that she first heard about appellant's alleged activity from her daughter's principal. She said she had confronted her daughter and appellant with the story, and at that time she had believed her daughter. The complainant's mother said she was, at the time of trial, confused as to whether her daughter was telling the truth, and the defense asked her if she had any reason to disbelieve her daughter. At that point, the State objected, seeking to exclude as irrelevant and improper impeachment any testimony about complainant's prior statements to her mother concerning other accusations of rape. The court refused to allow further questions on that subject in the jury's presence.

On a bill of exception, the defense elicited testimony from the complainant's mother that the complainant had told her, earli-

er in the year, about two alleged incidents of rape and attempted rape by strangers. The complainant also told her aunt and cousin about one of the incidents and told a neighbor about the other. The complainant's mother testified that she did not believe her daughter's stories about these incidents. The neighbor confirmed that the complainant had told her of an attempted rape by a stranger earlier in the year.

The complainant was asked, out of the presence of the jury, the following series of questions by the defense:

Q. [I]n February of 1982 did you ever tell your mother that you were raped by someone?

A. Yes.

Q. Was [your aunt] present there when you told that?

A. Yes.

Q. Is it true?

A. What?

Q. That you were raped in February of 1982?

A. By him.

Q. By a man?

A. Yes.

Q. You kind of hesitated. Are you certain of that?

[The prosecutor]: Would he direct her? His questions are so broad for a nine or ten year old witness. Is he referring to the defendant, a man? I would ask he ask a more specific question.

The Court: Try it one more time.

[Defense counsel]:

Q. Was it true that you were raped in February of 1982?

A. Yes.

Q. And by raped, when I use the word raped, .... does that mean to you that a man placed his penis in your vagina?

A. Yes.

Q. Do you know who the man was?

A. Yes.

Q. Who was it?

A. Him.

Q. This was in February of 1982?

A. I don't know what month it was.

Q. So, you told your mother that [the appellant] raped you; is that right?

A. No, I didn't say no names.

Q. You said a man?

A. That's all I said.

Q. Now, was this a person you described to your mother as tall and skinny, bushy hair with tennis shoes, checkered shirt, blue jeans with holes in them?

A. I don't remember saying no clothes.

Q. You don't remember what?

A. Saying any clothes.

Q. So, you did not tell your mother or describe him as being tall and skinny with clothes on?

A. I don't remember what I told her.

Q. You don't remember telling her it happened by [the babysitter's] house?

A. No.

Q. You don't remember telling her this person pushed you behind a bush and you tried to kick him in his private parts?

A. I don't remember what I told her.

Q. But you did tell her you were raped in February—excuse me just a minute.

Was anybody else there whenever you told her about this incident?

A. Yes.

Q. That was [your cousin]?

A. Yes.

Q. And [your aunt]; right?

A. Yes.

Q. If you did say that, if you described—if you did describe to your mother, [your cousin] and [your aunt] about the tall skinny man and whatever, was it true?

A. No.

The complainant's mother testified that the complainant did, in fact, claim that the rape was committed by a tall, skinny un-

known man with bushy hair, an account which was not true, according to the complainant's admission.

■ Appellant asserts that this testimony should have been allowed in evidence, as it tended to discredit the complainant's accusations against appellant. Appellant argues that the exclusion of the evidence abridged his rights under the sixth amendment to the United States Constitution, article I, section 10 of the Texas Constitution, and Tex.Code Crim.P.Ann. art. 1.05 (Vernon 1977) to fully cross examine the witness testifying against him. He argues that the complainant's credibility would have been cast in doubt by the admission of this testimony. We agree. Appellant has shown by the testimony of complainant and her mother that at least one of the prior accusations was false. Although the false accusations may have indicated emotional or psychological trauma rather than a lack of trustworthiness, the jury should have been allowed to hear the testimony and decide on the issue of the complainant's credibility. *Accord, Shanes v. State*, 233 Ala. 418, 172 So. 272 (1937); *People v. Hurlburt*, 166 Cal.App.2d 334, 333 P.2d 82 (1958); *People v. McClure*, 42 Ill.App.3d 952, 1 Ill.Dec. 617, 356 N.E.2d 899 (1976); *Little v. State*, 413 N.E.2d 639 (Ind.App. 1980); *State v. Poston*, 199 Iowa 1073, 203 N.W. 257 (1925); *Commonwealth v. Bohannan*, 376 Mass. 90, 378 N.E.2d 987 (1978); *People v. Evans*, 40 N.W. 473 (Mich.1888); *People v. Mikula*, 84 Mich. App. 108, 269 N.W.2d 195 (1978); *State v. Baron*, 58 N.C.App. 150, 292 S.E.2d 741 (1982); *Woods v. State*, 657 P.2d 180 (Okla. Cr.App.1983); *State v. Nab*, 245 Or. 454, 421 P.2d 388 (1966); *State v. McCarthy*, 446 A.2d 1034 (R.I.1982); *see also People v. Simbolo*, 188 Colo. 49, 532 P.2d 962 (1975); *cf. Gross v. State*, 135 S.W. 373 (Tex.Cr. App.1911) (incest case where accusations against others used to show plot against father by daughter and step-brother). The trial court's refusal to allow appellant to question the complainant on these matters before the jury amounted to a violation of his constitutional right to fully crossexamine his accuser. *Davis v. Alaska*, 415 U.S. 308, 318, 94 S.Ct. 1105, 1111, 39 L.Ed.2d 347 (1974). Appellant's first ground of error is sustained.

In his third ground, appellant alleges that the trial court erred in refusing to allow testimony of five character witnesses at the guilt-innocence phase of the trial. All five were allowed to testify that appellant had a good reputation in the community for being peaceful and law-abiding, but they were not allowed to testify that he also had a good reputation in the community for being a moral person and for the safe and proper treatment of young children.

■ Appellant argues that the excluded testimony was admissible to show the improbability that he raped his step-daughter. An accused is allowed to introduce evidence of a specific good character trait to show that it is improbable he committed the offense charged, where that character trait is involved in the offense. *Foley v. State*, 172 Tex.Cr.R. 261, 356 S.W.2d 686 (1962); *Hamman v. State*, 166 Tex.Cr.R. 349, 314 S.W.2d 301 (1958); *see also Barber v. State*, 168 Tex.Cr.R. 168, 324 S.W.2d 553 (1959); *Bara v. State*, 141 Tex.Cr.R. 7, 147 S.W.2d 250 (1941); *Pine v. State*, 134 Tex.Cr.R. 396, 115 S.W.2d 918 (1938); *Cockrell v. State*, 131 Tex.Cr.R. 3, 95 S.W.2d 408 (1936); *Browder v. State*, 18 S.W. 197 (Tex.App.1892). In *Foley, supra*, the court held that the defendant should have been allowed to introduce evidence of his reputation for sobriety in a driving while intoxicated case. In *Hamman, supra*, the defendant was charged with embezzlement. The court held that evidence of his reputation for honesty and fair dealing was improperly excluded. We see no meaningful distinction between these cases and the case at bar. In *Foley*, the excluded evidence was relevant to show the improbability that the defendant was intoxicated. In *Hamman*, the excluded testimony was relevant to show the improbability of fraudulent intent on the part of the defendant. In the case at bar, the excluded evidence was relevant to show the improbabili-

**424**

ty that appellant raped his step-daughter. Appellant's third ground of error is sustained.

■ We have considered appellant's other grounds of error and find them to be without merit. Appellant alleged in his second ground that the trial court erred in not allowing a psychologist to testify during the punishment phase of the trial. In his proffer, he indicated to the trial court the three questions he would ask the psychologist if the psychologist was allowed to testify, but he did not make a bill of exception showing what the answers to those questions would have been. The testimony elicited from the psychologist at the guilt-innocence phase of the trial did not provide the answers to the excluded questions, nor did the bill of exception that was made at that phase of the trial. Because the psychologist's excluded testimony was not preserved for review, any error has been waived. *Lee v. State,* 455 S.W.2d 316 (Tex. Cr.App.1970).

■ In his fourth ground, appellant alleged that the complainant was not competent to testify, since she did not understand the obligations of an oath. Contrary to appellant's assertions, however, the record clearly reflects the complainant's understanding that she was supposed to tell the truth, and that she would be punished for lying. The complainant's testimony shows her understanding of the obligations of an oath. *See Shields v. State,* 402 S.W.2d 761 (Tex.Cr.App.1966).

The judgment of the trial court is reversed, and the case is remanded for a new trial.

Publish. Tex.R.Crim.App. P. 207.