11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Ramon
Reyna

Appellant

Vs.                   No. 
11-02-00232-CR C
Appeal from Collin County

State
of Texas

Appellee

 

The jury convicted Ramon Reyna of indecency with a
child and assessed his punishment at 10 years confinement and a $10,000
fine.  Upon the recommendation of the
jury, the trial court suspended the imposition of the confinement portion of
the sentence and placed appellant on community supervision for 10 years.  We reverse and remand.    








In his first and second points of error, appellant
contends that the evidence is legally and factually insufficient to support his
conviction.  In order to determine if the
evidence is legally sufficient, we must review all of the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).   In order to determine if the evidence is
factually sufficient, we must review all of the evidence in a neutral light and
determine whether the evidence supporting guilt is so weak as to render the
conviction clearly wrong and manifestly unjust or whether the evidence
supporting guilt, although adequate when taken alone, is so greatly outweighed
by the overwhelming weight of contrary evidence as to render the conviction
clearly wrong and manifestly unjust.  Vasquez
v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman v. State, 66
S.W.3d 283 (Tex.Cr.App.2001); Cain v. State, 958 S.W.2d 404
(Tex.Cr.App.1997); Clewis v. State 922 S.W.2d 126
(Tex.Cr.App.1996).   We review the fact
finder=s
weighing of the evidence and cannot substitute our judgment for that of the
fact finder.  Cain v. State, supra;
Clewis v. State, supra. 
Due deference must be given to the jury=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson v. State, 23
S.W.3d 1 (Tex.Cr.App.2000); Jones v. State, 944 S.W.2d 642
(Tex.Cr.App.1996), cert. den=d,
522 U.S. 832 (1997).  This court has the
authority to disagree with the fact finder=s
determination Aonly when
the record clearly indicates such a step is necessary to arrest the occurrence
of a manifest injustice.@  Johnson v. State, supra at 9.

The victim testified at trial that, when she was
around 10 or 11 years old, she would go visit appellant.  She referred to appellant as AGrandpa.@  Appellant is married to the victim=s step-grandmother, Patricia
Reyna.  The victim and her brother and
sister would stay at the Reyna house when they had visitation with Leslie
Howard Gage (Les), the victim=s
stepfather.  The victim testified that,
when she was in the sixth grade, appellant Amolested@ her. 
The victim stated that Amolested@ means he Atouched
where [she] didn=t want to
be touched.@  

The victim testified that, while staying at
appellant=s house,
she would sleep on the couch in the living room.  She said that around 5:00 or 6:00 a.m.,
appellant came into the room before going to work, reached under her blanket,
and Atouched@ her on her vagina over her
clothes.  The victim stated that
appellant did not touch her accidently. 
The victim further testified that appellant continued to touch her on
subsequent visits.  The victim stated
that initially appellant touched her Aever
so often@ but that
the touching became more frequent.  The
victim also stated that the touching progressed and that appellant began
touching her vagina underneath her underwear. 
The victim also stated that appellant touched her breasts.  The victim wrote in her diary about the
incident with appellant.  The victim
later told her mother that she did not want to go back to appellant=s house, and she also told her mother
what appellant did to her. 








Officer Glynda Covington with the Frisco Police
Department testified that Angela Rhea, the victim=s
mother, called and reported the offense. 
Officer Covington made arrangements for the victim to be interviewed at
the Collin County Children=s
Advocacy Center.   Officer Covington
spoke to Patricia and made arrangements for appellant to give a statement.  Officer Covington explained to appellant that
the victim alleged that appellant committed the offense of indecency with a
child.  Appellant gave a written
statement in which he said that the victim Amust
have thought that because of him...pulling the covers up to cover her.@ 
In his written statement, appellant said that he would leave for work
between 5:00 and 6:00 a.m. and that he was the only one awake at that
time.  Appellant said that, when he would
pull the covers over the victim, Ahis
hand would brush against her private parts.@  Appellant explained that by Aprivate parts@
he meant the Abreast
area.@   Patricia testified at trial that, when the
children had visitation with Les, she would pick the children up, take them to
her house, and then return them to their mother.  Patricia said that, while the children were there,
she was the primary caregiver and that appellant did not socialize with the
children.  Patricia said that Les usually
stayed at her house while the kids were there for visitation.  Patricia said that she was the first one to
wake up in the morning and that she got up between 7:30 and 8:30 a.m.  She said that appellant left for work between
8:00 and 9:00 and that he never got up at 5:30 or 6:30 a.m.  Patricia further stated that appellant did
not get up without her knowing about it. 

Les testified at trial that the children would
stay at Patricia and appellant=s
house during the visitation and that he almost always stayed there with
them.  Les stated that he, the victim,
and the victim=s sister
would sleep together on the sofa sleeper. 
Les said that he was a light sleeper and that he does not recall
appellant ever coming into the room while they were sleeping.  Les further testified that appellant would
leave for work around 8:00 or 9:00 a.m.

Appellant specifically argues that the evidence is
legally insufficient to show that he committed the offense of indecency with a
child because the State did not prove that the offense occurred in Collin
County.  Appellant notes that the State
introduced evidence that the offense occurred in Frisco.  Appellant argues, however, that the city of
Frisco lies in both Collin and Denton counties,[1]
and that the State did not prove that the offense occurred in Collin
County.  However, in reviewing a claim of
legal insufficiency, we review all of the evidence in the light most favorable
to the verdict.  Jackson v. Virginia,
supra; Jackson v. State, supra.  The State presented evidence that the offense
occurred at the home of appellant and Patricia. 
Patricia testified on cross-examination that her house is in Collin
County.  The evidence is legally
sufficient to show that the offense occurred in Collin County.  Appellant=s
first point of error is overruled.








In his second point of error, appellant argues
that the evidence is factually insufficient to support his conviction because
the victim=s
testimony was inconsistent.  Appellant
contends that these inconsistencies Aundermine
the credibility and validity of her testimony.@  The victim stated that appellant touched her
in the early morning before he left for work. 
In his statement, appellant stated that he left for work between 5:00
and 6:00 a.m. and that he would pull the covers up over the victim before he
left.  The victim testified that
appellant touched her vagina and her breasts and that  appellant was Abreathing
hard@ when he
touched her.  The jury is the sole judge
of the credibility of the witnesses and the weight to be given their
testimony.  TEX. CODE CRIM. PRO. ANN.
arts. 36.13 & 38.04 (Vernon 1979 & 1981); Wesbrook v. State, 29
S.W.3d 103 (Tex.Cr.App.2000), cert. den=d,
532 U.S. 944 (2001).  It is the exclusive
province of the jury to reconcile conflicts in the evidence.  Wesbrook v. State, supra.  Viewing all of the evidence, we do not find
that the verdict is so contrary to the overwhelming weight of evidence as to be
clearly wrong and unjust.  Clewis v.
State, supra.  Appellant=s second point of error is overruled.

In his fifth point of error, appellant complains
that he received ineffective assistance of counsel.  In order to determine whether appellant=s trial counsel rendered ineffective
assistance at trial, we must first determine whether appellant has shown that
counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Strickland v. Washington,
466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770
(Tex.Cr.App.1999).  We must indulge a
strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance; and
appellant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Stafford v. State, 813 S.W.2d 503, 508-09
(Tex.Cr.App.1991).

Appellant specifically argues that his trial
counsel was ineffective in failing to request a directed verdict after the
State=s
case-in-chief.  Appellant contends that
the State failed to prove during its case-in-chief that the offense occurred in
Collin County.  Appellant states that he
would have been acquitted had his trial counsel requested an instructed
verdict.  








Venue in criminal cases need only be proven by a
preponderance of the evidence, which may be either direct or
circumstantial.  TEX. CODE CRIM. PRO.
ANN. art. 13.17 (Vernon 1977);  Couchman
v. State, 3 S.W.3d 155, 161 (Tex.App. ‑ Fort Worth 1999, pet=n ref=d).   The trier of fact may make reasonable
inferences from the evidence to decide the issue of venue.  Couchman v. State, supra.    The evidence is sufficient to establish
venue if, from that evidence, the jury may reasonably conclude that the offense
was committed in the county alleged.  Couchman
v. State, supra.  

Officer Covington testified during the State=s case-in-chief that she was familiar
with the location where the offense occurred within the city of Frisco.  Officer Covington took the victim to the
Collin County Children=s
Advocacy Center to be interviewed about the offense.  Appellant=s
trial counsel may have believed that the State presented evidence from which
the jury could reasonably conclude that the offense took place in Collin
County.  Appellant has not shown that his
trial counsel=s
decision not to request an instructed verdict was not based on sound trial
strategy.  

Moreover, TEX. CODE CRIM. PRO. ANN. art. 36.02
(Vernon 1981) provides that the trial court may Aallow
testimony to be introduced at any time before the argument of a cause is
concluded, if it appears that it is necessary to a due administration of
justice.@  The trial court should allow a party to
reopen its case if the evidence would materially change the case in the
proponent=s favor.  Peek v. State, 106 S.W.3d 72, 79
(Tex.Cr.App.2003).  Therefore, had
appellant=s trial
counsel moved for an instructed verdict, the trial court could have allowed the
State to reopen its case and present testimony that the offense occurred in
Collin County.  Appellant has not shown
that he received ineffective assistance of counsel.  Appellant=s
fifth point of error is overruled.

In his third point of error, appellant complains
that the Atrial
court erred in regards to the matters of the hearing outside the presence of
the jury and sealed by the trial court for appellate review only.@ 
The record indicates that the trial court held an in camera hearing and
ordered that the record of that hearing be sealed pursuant to TEX.R.EVID.
412(c) & (d).  With the exception of
TEX.R.EVID. 412(e), TEX.R.EVID. 412 applies only to sexual assault, aggravated
sexual assault, or an attempt to commit those offenses; this case involves
indecency with a child.  We find that
Rule 412 is not applicable to the present case. 








Appellant sought to introduce evidence that the
victim had made previous allegations of sexual abuse and then recanted those
allegations.  Appellant argued at trial
that the evidence was admissible to show the victim=s
credibility. During the in camera hearing, after hearing trial counsel=s offer of proof, the trial court
indicated its understanding that the victim Awould
testify that she made an allegation of sexual abuse against a man in ´95, and
then admitted that it didn=t
happen, and she would testify it never happened.@  In addition to the offer of proof of that
testimony from the victim, trial counsel informed the trial court that five
other witnesses would give testimony to the same effect.  The trial court sustained the State=s objection and excluded the testimony.
Evidence that a complainant has made previous false allegations of sexual
misconduct is admissible.  See Hughes
v. State, 850 S.W.2d 260 (Tex.App. - Fort Worth 1993, pet=n ref=d);
Thomas v. State, 669 S.W.2d 420 (Tex.App. - Houston [1st Dist.] 1984,
pet=n ref=d).  Therefore, the trial court erred in not
allowing appellant to introduce evidence that the victim had made previous
false allegations of sexual abuse.  The
victim=s
testimony was essential in establishing that appellant committed the
offense.  We cannot say that error in
admitting evidence as to her credibility was harmless.  TEX.R.APP.P. 44.2.  Appellant=s
third point of error is sustained.

In his fourth point of error, appellant argues
that the trial court did not have jurisdiction to  conduct the trial.  The record shows that appellant was tried for
this same offense on July 9, 2001.  The
jury deliberated over the course of three days and was unable to reach a
verdict.  The trial court ordered Awith the consent of the [appellant] and
his attorney, and the State=s
attorney, that the jury be discharged and the [appellant] stand trial in this
case on another date.@  Appellant filed a special plea of double
jeopardy on November 16, 2001, arguing that the prosecution was improperly
terminated because the jury was not given sufficient time to deliberate.  On appeal, appellant argues that, because the
first trial resulted in a Ahung
jury,@ double
jeopardy bars a second trial for that offense. 









A trial court=s
declaration of mistrial following a hung jury does not terminate the original
jeopardy to which petitioner was subjected. 
Richardson v. United States, 468 U.S. 317, 326 (1984); Ex
parte McAfee, 761 S.W.2d 771 (Tex.Cr.App.1988).  Until a verdict is returned, jeopardy
continues unless the trial court discharges the jury without Amanifest necessity@ for doing so.  Ex parte McAfee, supra.  The record shows that appellant consented to
discharging the jury after it could not reach a verdict.  Appellant=s
fourth point of error is overruled.

The judgment of the trial court is reversed, and
the cause is remanded to the trial court for further proceedings.

 

JIM R. WRIGHT

JUSTICE

 

November 26, 2003

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Appellant filed a request for this court to take
judicial notice regarding the geographic boundaries of the city of Frisco.  In his request, appellant included maps
indicating that the city of Frisco lies in both Collin and Denton counties.