Opinion issued June 7, 2007











 





In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01130-CR






DAVID CLYDE BILLODEAU, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 1001543






DISSENTING OPINION

 Because the majority errs in holding that the trial court did not abuse its
discretion in (1) precluding appellant from cross-examining the complainant about
his threats, made after the instant offense, but prior to his trial testimony, of false
allegations of sexual abuse against Nancy and Nathan Kline and (2) excluding the
Klines' testimony about the threats, I respectfully dissent.

 Although the majority acknowledges that the complainant's "credibility was
a crucial element" here, it agrees with the State that "the trial court reasonably
concluded that the testimony had little probative value and would unduly prejudice
and confuse the jury 'in light of the nature of the evidence and the timing and
circumstances surrounding those threats.'" The majority emphasizes that the
complainant made his threats against the Klines "over a year after the instant offense"
and that there is "no evidence at trial that [the complainant] had a propensity to lie or
a vengeful temper towards adults prior to or upon [his] allegation toward appellant."

It also emphasizes that the complainant's threats that he would falsely report the
Klines generally for "molestation" were not "identical" to the complainant's specific
allegations against appellant.

 The majority, "in light of the remoteness in time and the dissimilarity between
the specific instances of conduct toward the Klines and the charged offense,"
concludes that the complainant's testimony on the point had little probative value and
would have been unduly prejudicial or confusing, and it overrules appellant's second
point of error, relying on Lopez v. State, 18 S.W.3d 220 (Tex. Crim. App. 2000). 
Likewise, it also concludes that the Klines' testimony about the threats is irrelevant,
and it overrules appellant's first point of error, distinguishing Thomas v. State, 669
S.W.2d 420 (Tex. App.--Houston [1st Dist.] 1984, pet. ref'd). 

 "In all criminal prosecutions, the accused shall enjoy the right . . . to be
confronted with the witnesses against him." U.S. Const. amend. VI. The United
States Supreme Court has emphasized that the "ultimate goal" of the Sixth
Amendment's Confrontation Clause "is to ensure reliability of evidence" and that the
Sixth Amendment "commands . . . that reliability be assessed in a particular manner:
by testing in the crucible of cross-examination." Crawford v. Washington, 541 U.S.
36, 61, 124 S. Ct. 1354, 1370 (2004). The Texas Court of Criminal Appeals has
acknowledged that the Confrontation Clause "occasionally may require the
admissibility of evidence that the Rules of Evidence would exclude." Lopez, 18
S.W.3d at 225. In order to determine whether the Confrontation Clause demands the
admissibility of certain evidence, a court must balance the probative value of the
evidence sought to be introduced against the risk its admission may entail. Id.

 In Lopez, the complainant, a young boy, testified that the defendant compelled 

him to perform oral sex on the defendant numerous times over several months. Id.
at 221. The defendant sought to impeach the complainant's credibility "with
evidence that two years earlier, [the complainant] had complained to the Texas
Department of Human Services that his mother had thrown him against a washing
machine, and that case had been closed without any action taken against the mother." 
Id. at 221-22. The court held that the Confrontation Clause did not demand
admissibility of this evidence. Id. at 226. In concluding that the evidence's
"probative value was extremely low, and the risk that its admission would confuse the
jury was high," the court emphasized (1) "the prior accusation was never shown to
be false" and (2) the allegation that the complainant's mother had physically abused
him had "almost nothing in common" with the complainant's accusing the defendant
of forcing him to perform oral sex on the defendant. Id. at 225-26.

 Here, in stark contrast, appellant presented evidence that the complainant, after
making his complaints against appellant, but prior to testifying in trial, threatened two
witnesses with false allegations of sexual abuse. In appellant's bill of exception, 
Nancy Kline testified that the complainant, who was at her home, called his sister a
"bitch." When Nancy attempted to discipline the complainant, he became very angry
and told her that he was "going to call the cops and tell them that you're molesting
me." When Nancy told the complainant that he did not know what "molest" means,
the complainant defined molestation for her and "had a smirk on his face like he
thought it was kind of funny." Nathan Kline testified in the bill of exception that
when he refused to let his siblings out of his home to play with the complainant, the
complainant threatened to tell his parents that Nathan was "molesting" him. 

 The majority's reliance on Lopez is misplaced because the Klines' testimony
goes to the very core of the reliability of the complaint as a witness in this sexual
assault case. The Court's holding that this evidence has "little probative value and
would have been unduly prejudicial or confusing" cuts at the very heart of the
Confrontation Clause, i.e., that credibility be "tested in the crucible of cross-examination." Crawford, 541 U.S. at 61, 124 S. Ct. at 1370. The fact that the
complainant made threats about general allegations of "molestation" a year after the
instant offense is of little consequence. Appellant presented evidence that the
complainant, who was at the time a witness against appellant in a pending sexual
assault case and very familiar with the seriousness of the allegations, was willing to
threaten, and did threaten, two other individuals with false allegations of sexual
assault when he lost his temper. Moreover, the Klines' testimony may also serve to
prove that the complainant testified untruthfully to the trial court outside the presence
of the jury when the complainant denied making any such allegations. 

 Likewise, the majority erroneously distinguishes this Court's previous decision
in Thomas. In Thomas, an aggravated rape case, the defendant presented evidence
in a bill of exception that the complainant, previously, had falsely told her mother that
she had been raped. 669 S.W.2d at 422-23. We held that the trial court's "refusal to
allow appellant to question the complainant on these matters before the jury
amounted to a violation of his constitutional right to fully cross-examine his accuser." 
Id. at 423 (citing Davis v. Alaska, 415 U.S. 308, 318, 94 S. Ct. 1105, 1111 (1974)). 
We emphasized that "the complainant's credibility would have been cast in doubt"
by the admission of such testimony. Id. 

 The bottom line is that in such situations, as in the instant case, "the jury should
[be] allowed to hear the testimony and decide on the issue of the complainant's
credibility." Id. Here, given that the complainant's credibility was "crucial," one
cannot conclude, beyond a reasonable doubt, that the trial court's error did not
contribute to appellant's conviction. See Tex. R. App. P. 44.2(a). Accordingly, I
would sustain appellant's first and second points of error and remand this case to the
trial court for a new trial. 


 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Higley.

Justice Jennings, dissenting.

Publish. Tex. R. App. P. 47.2(b).