NO. 07-07-0257-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 17, 2009
______________________________

MIKE CANALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-412400; HONORABLE CECIL G. PURYEAR, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Appellant Mike Canales appeals from his conviction for sexual assault of a child and
the resulting sentence of ten years of confinement in the Institutional Division of the Texas
Department of Criminal Justice. By three issues, appellant contends his constitutional
rights were violated when the State failed to produce exculpatory evidence and the trial
court abused its discretion and violated his constitutional rights when it excluded the
testimony of a psychologist. We affirm.
 
Background
          Although appellant does not challenge the sufficiency of the evidence supporting
his conviction, some factual recitation is necessary to an understanding of his appeal. By
an April 2006 indictment, the State alleged that, on or about February 18, 2006, appellant
caused his penis to penetrate the female sexual organ of [K.C.], a child younger than 17
years of age, and not his spouse.


 Following appellant’s plea of not guilty, the case was
tried to a jury.
          Evidence showed that, on several days during February 2006, appellant, then 43,
engaged in sexual intercourse with K.C., a 16 year-old girl. They also engaged in the use
of methamphetamine together. Those facts were not disputed. Nor was it disputed that
appellant, during the time K.C. was with him, provided methamphetamine to K.C. and sold
it to others. Appellant’s disputes with K.C.’s version of the facts center on her testimony
that on February 18, the two argued over some missing methamphetamine. She testified
appellant forcibly pulled her out of the shower in the Lubbock motel room in which they
were staying,


 took her into the bedroom where two other men were present, and took off
her clothes. These two men pulled her legs apart and held K.C. down while appellant “sat”
on her chest and held her arms down. He then forcefully engaged in vaginal intercourse
with her. K.C. further testified she was hurt during this encounter.
 
          The State’s evidence also included appellant’s written statement to Lubbock police,
in which he admitted he had sexual intercourse with a willing K.C. Appellant testified at the
punishment phase of trial, confessed to having sex with K.C. and acknowledged he was
guilty of sexual assault because she was under the age of 17 and not his spouse.


 
Appellant maintained, however, that he did not use force against K.C. and that she lied
about the events of February 18. He testified, and a former girlfriend testified, that he was
not with K.C. at that particular time but was with the girlfriend.
          The jury found appellant guilty of sexual assault of a child and sentenced him to ten
years of imprisonment and a $5,000 fine. Appellant filed a motion for new trial that was
denied. This appeal followed. 
Issues
          Each of appellant’s three issues concerns the punishment phase of his trial. 
Appellant was eligible for community supervision. His contention on appeal is that his
sentence would have been lighter, and the jury might well have recommended community
supervision, if he had been able to make use of exculpatory evidence before the jury. 
 
 
Analysis
Testimony Excluded By the Trial Court            We begin with appellant’s second and third issues, by which he complains of the
trial court’s ruling disallowing the punishment-phase testimony of Dr. William Hoke, a
psychologist who examined K.C. for Child Protective Services.


 In his second issue, he
argues the trial court abused its discretion by denying his proffer of Hoke’s testimony and
by his third issue, contends the trial court’s exclusion of the same testimony violated his
right to confrontation of witnesses under the Sixth Amendment to the United States
Constitution.
Second Issue--Exclusion of Dr. Hoke’s Testimony
          Hoke testified outside the presence of the jury to his interviews of K.C. and her
mother, and to the results of the psychological tests he administered to K.C. The report
he prepared for CPS was admitted for the purpose of his voir dire testimony. Hoke testified
that his assessment indicated K.C. exhibited disorders including depressive disorder,
anxiety disorder and oppositional defiant disorder (“ODD”); and exhibited amphetamine
dependence and adolescent antisocial behavior. He diagnosed her also as suffering from
sexual and physical abuse, and reading and mathematics disorders. Appellant’s counsel
questioned Hoke about ODD. Hoke explained the disorder is characterized by
oppositionality, rebelliousness and defiance. He said its symptoms often include “lying,
stealing, conduct difficulties, problems at school, being belligerent, acting out, talking back
[and disrespect] of authority.” Asked how he would expect the symptom of lying to “play
out,” he said an individual with ODD has a very difficult time accepting responsibility for her
behavior and may lie to get out of perceived trouble. He concluded by agreeing that he
was not saying K.C. lied on the witness stand but that such behavior is consistent with the
diagnosis. On cross-examination, he agreed with the prosecutor that he was speculating
as to what K.C. would do in a specific situation. The trial court did not allow Hoke to testify
before the jury. 
          The trial court has broad discretion to determine the admissibility of evidence and
its ruling should not be reversed on appeal absent a clear abuse of discretion. 
Montgomery v. State, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990) (op. on reh’g); Richards
v. State, 932 S.W.3d 213, 215 (Tex.App.–El Paso 1996, pet. ref’d). See also Willover v.
State, 70 S.W.3d 841,845 (Tex.Crim.App. 2002) (we must uphold the trial court’s ruling if
it was correct under any applicable theory of law). Unlike the guilt-innocence phase of
trial, “the question at punishment is not whether the defendant has committed a crime, but
instead, what sentence should be assessed.” Ellison v. State, 201 S.W.3d 714, 718
(Tex.Crim.App. 2006). Article 37.07 of the Code of Criminal Procedure permits evidence
of “any matter the court deems relevant to sentencing.” Tex. Code Crim. Proc. Ann. art.
37.07, § 3(a)(1) (Vernon 2007). Relevancy in the punishment phase is “a question of what
is helpful to the jury in determining the appropriate sentence for a particular defendant in
a particular case.” Tex. R. Evid. 401; Ellison, 201 S.W.3d at 718, citing Rogers v. State,
991 S.W.2d 263, 265 (Tex.Crim.App. 1999). Thus, the admissibility of evidence during
“the punishment phase of a non-capital trial is a function of policy rather than a question
of logical relevance.” Ellison, 201 S.W.3d at 719. Nonetheless, a trial judge must operate
within the bounds of Texas Rules of Evidence 401, 402 and 403. Id. at 722. 
          We find the trial court’s exclusion of Hoke’s testimony well within its discretion. 
Hoke’s evaluation and report of K.C. simply listed the textbook symptoms associated with
the conditions he diagnosed. ODD was one of several debilitating conditions he diagnosed
in K.C. and a tendency to lie was only one of many characteristics associated with the
disorder. Even if we accept appellant’s contention that K.C.’s credibility was a central
factor in the jury’s understanding of the circumstances of his offense, we find Hoke’s
evaluation and report hold little probative value with respect to the truthfulness of her
version of the circumstances. We see no abuse of discretion in the trial court’s conclusion
that his testimony would not be helpful to the jury in its determination of an appropriate
sentence.
          On appeal, appellant also emphasizes a statement in Hoke’s report that K.C. told
him a former boyfriend “got her ‘hooked’” on methamphetamine after putting it in her food
and drinks. Appellant points out K.C. made the same allegation against him in her direct
testimony. He argues the chances two men laced her food and drink with the drug are
sufficiently slim that the jury would have recognized K.C.’s testimony as untrue if they had
known of her statement to Hoke. See Fox v. State, 115 S.W.3d 550 (Tex.App.–Houston
[1st Dist.] 2002, pet. ref’d) (addressing the doctrine of chances). The record indicates
appellant’s contention here was not brought to the attention of the trial court. We therefore
will not address it. Tex. R. App. P. 33.1; Wilson v. State, 71 S.W.3d 346, 349 (an
appellant’s contention on appeal must comport with the specific objection made at trial).
          We overrule appellant’s second issue.
Third Issue–Confrontation Clause
          In appellant’s third issue, he contends exclusion of Hoke’s testimony violated his
right of confrontation under the Sixth Amendment to the United States Constitution.



          We are unable to see a Confrontation Clause violation in this circumstance.


 U.S.
Const. amend VI. See generally Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354,
158 L.Ed.2d 177 (2004). Appellant relies primarily on Davis v. Alaska, 415 U.S. 308, 309,
94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) and Thomas v. State, 669 S.W.2d 420, 421
(Tex.App.–Houston [1st Dist.] 1984, pet. ref’d). Both those cases involved limitations
placed on cross-examination of prosecution witnesses. Davis, 415 U.S. at 309; Thomas,
669 S.W.2d at 421. That is not the situation here. Appellant acknowledges that, for
tactical reasons, he chose not to cross-examine K.C.


 We agree with the State that
nothing in the trial court’s ruling excluding Hoke’s testimony precluded or impeded
appellant’s ability to recall K.C. for cross-examination. Appellant’s third issue is overruled. Brady Material
Issue One–Brady Violation
          In his first issue, appellant argues his Fourteenth Amendment right to a fair trial was
violated when the State failed to produce Hoke’s report and other exculpatory evidence in
violation of the rule announced in Brady v. Maryland.


 CPS became involved with K.C.
after the events of February 2006. Trial testimony indicates that DFPS filed a
conservatorship proceeding concerning K.C. in another Lubbock County court. During
appellant’s trial, his counsel became aware that the documents he had been provided
through the open-file policy of the Lubbock County District Attorney’s office did not include
several documents from the CPS file held by the Department. Most significantly, the
documents provided did not include Hoke’s report.


 The State presents several
contentions in response. It contends appellant did not preserve his Brady complaint; the
information was not material; appellant had the information in time to make use of it at trial
and did not request a continuance; the information was not subject to Brady because its
existence was not known to the prosecution and because CPS was not a part of the
“prosecution team;” and that it was not subject to Brady also because it was not
admissible. We address only one of the State’s contentions.


 The record shows the
information came to appellant’s attention during trial, and we agree he had the information
in time to make use of it.
          When the prosecution withholds evidence favorable to the defendant, due process
is violated when the evidence is material either to guilt or punishment. Wyatt v. State, 23
S.W.3d 18, 27 (Tex.Crim.App. 2000); Olivarez v. State, 171 S.W.3d 283, 290
(Tex.App.–Houston [14th Dist.] 2005, no pet.), citing Brady, 373 U.S. at 87. An alleged
Brady violation is analyzed in light of all the other evidence adduced at trial. Hampton v.
State, 86 S.W.3d 603, 612-13 (Tex.Crim.App. 2002). The State’s duty to reveal Brady
material attaches when the information comes into its possession, not when it is requested. 
Thomas v. State, 841 S.W.2d 399, 407 (Tex.Crim.App. 1992). To establish reversible
error, a defendant must show that (1) the State failed to disclose evidence, regardless of
the prosecution’s good or bad faith; (2) the withheld evidence is favorable to him; and (3)
the evidence is material. Hampton, 86 S.W.3d at 612. Evidence is “material” if there is a
reasonable probability that had the evidence been disclosed to the defense the result of
the proceeding would have been different. Id.; Michaelwicz v. State, 186 S.W.3d 601, 613
(Tex.App.–Austin 2006, pet. ref’d), citing United States v. Bagley, 476 U.S. 667, 676, 105
S.Ct. 3375, 87 L.Ed.2d 481 (1985). A “reasonable probability” is a probability sufficient to
undermine the confidence in the outcome of the trial. Id. Incorporated in the third
“materiality” prong is a requirement that the defendant must be prejudiced by the State’s
failure to disclose the favorable evidence. Harm v. State, 183 S.W.3d 403, 406
(Tex.Crim.App. 2006). 
          Here, the record indicates a CPS caseworker appeared at the beginning of the third
day of trial testimony, in response to appellant’s subpoena. Appellant was then putting his
case-in-chief during the guilt-innocence phase before the jury. During testimony outside the
presence of the jury, the caseworker described the findings contained in Hoke’s report. The
affidavit of appellant’s counsel that accompanied his motion for new trial indicates also that
counsel reviewed the CPS file with the caseworker prior to her testimony. Hoke appeared
at trial later the same day with his report, also in response to appellant’s subpoena, and also
testified outside the presence of the jury.


 Although the trial court did not permit Hoke to
testify before the jury, appellant had the evidence of Hoke’s diagnosis of K.C. and the
contents of his report in time for him to make effective use of it at the trial’s punishment
phase. Little v. State, 991 S.W.2d 864, 866 (Tex.Crim.App. 1999) (prejudice is not shown
when the information is disclosed to the defendant in time for him to make effective use of
it at trial). Appellant contends he would have made a different decision to cross-examine
K.C. if Hoke’s report had been provided earlier. But, as we have noted, we see nothing that
would have precluded appellant from recalling K.C. after he became aware of Hoke’s report.
See Palmer v. State, 902 S.W.2d 561, 565 (Tex.App.–Houston [1st Dist.] 1995, no pet.) (in
a similar circumstance, finding Brady material came to light in time for defendant to make
use of it at trial); Givens v. State, 749 S.W.2d 954, 957 (Tex.App.–Fort Worth 1988, pet.
ref’d) (appellant discovered the statement early enough to make use of it at trial). If, after
appellant reviewed Hoke’s report or the other information, he needed more time to consider
its impact, it was incumbent on him to request a continuance or recess in the proceedings.
See Davis v. State, 992 S.W.2d 8, 12 (Tex.App.–Houston [1st Dist.] 1996, no pet.) (failed
to show prejudice from untimely disclosure of evidence where defendant did not request a
continuance to secure the presence of a witness he argued he would have subpoenaed if
he had been provided the complained-of information sooner).
          Finding appellant has not satisfied the materiality prong of a Brady complaint, we
overrule his first issue. Having overruled each of appellant’s issues, we affirm the judgment
of the trial court. 
 
                                                                                      James T. Campbell

                                                                                                Justice

 
 
 
 
Do not publish.