Opinion issued October 12, 2006





 

 










In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-05-00782-CR
  __________
 
 
KENNETH THOMAS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 
 

 
 
On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 926058
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Kenneth Thomas, guilty of sexual assault of a child,
and the trial court sentenced him to 15 years in prison. In four points of error,
appellant argues that (1) in violation of his federal and state constitutional rights to
confront and cross-examine, the trial court excluded evidence regarding the
complainant’s (“P.T.’s”) prior sexual relations and (2) the evidence was legally and
factually insufficient because P.T.’s testimony was not corroborated. 
          We affirm. 
Background
          P.T. was born on October 25, 1981 to Carla Thomas and Kenneth Thomas, the
appellant.


 The couple had another daughter, D.T., who is three years younger than
P.T. They separated in the early 1990s, and the children remained with appellant in
the family’s home. Though appellant and Carla had joint custody of their daughters,
appellant was the primary caretaker. 
          P.T. testified that, because of the separation, she would often go into her
father’s bedroom at night to talk about the separation and her daily activities. After
talking, P.T. would often hug and kiss appellant before going to sleep. She testified
that appellant eventually began to hug her for two to five minutes, while rubbing her
back when she was about 12 years old. She testified that the hugs escalated to
massages, where appellant eventually began touching her breasts, bottom, and vagina. 
When she was 13 or 14 years old, she testified that appellant began to perform oral
sex on her. She estimated that, when she was 14 years old until she was 16 years old, 
appellant performed oral sex on her four or five times a week. She testified that
appellant also used his penis to contact her vagina, and, when she was about 14 or 15
years old, appellant began engaging in intercourse with her. This abuse was alleged
to have taken place over a span of eight years. P.T. testified that she did not tell
anyone at the time that she was being abused by appellant because she was afraid of
him. While attending college, P.T. told a friend that appellant had sexually abused
her. The friend’s parents contacted Child Protective Services (“CPS”), which began
an investigation into the activity. 
          Appellant denied sexually assaulting P.T. He testified that, when P.T. was in
high school, after discovering that she was sexually active, he did not allow her to
attend a private school known for its “elite” volleyball program. When home during
college, she told appellant that she may have contracted a sexually transmitted
disease. Appellant testified that he told her that he would no longer pay for her extra
expenses, like her cell phone bill, though she testified that he said he would no longer
pay her medical bills. It was approximately two months after this confrontation that
complainant told her college friend and made her statement to a CPS officer. 
          Appellant’s other daughter, D.T., testified that she never saw anything that led
her to believe that appellant had sexually assaulted P.T. She did, however, admit that
appellant sometimes massaged her in a way that made her feel “awkward.” 
Appellant’s sister and neighbor also testified that they never saw anything that would
make them think that appellant had victimized P.T. 
          Before trial, appellant sought to introduce evidence that P.T. alleged having
sexual encounters with her cousin, “George,” when she was in first grade and when
she was around 14 or 15 years old. During an in camera hearing, defense counsel
stated that George was contacted and denied the activities ever took place, and
appellant wanted to admit the evidence in an attempt to impeach P.T.


 The trial court
excluded the evidence of P.T.’s sexual relations with George because it would be
highly inflammatory and because P.T. had never indicated that the allegations were
false.


 
Exclusion of Evidence
          In points of error one and two, appellant contends that, in violation of his
federal and state constitutional rights to confront and cross-examine, the trial court
erred in ruling that P.T.’s “fabricated” story about having sexual relations with her
cousin was inadmissible to attack her credibility.
 
Standard of Review
          A trial judge has broad discretion in deciding whether to admit or exclude
evidence. Mozon v. State, 991 S.W.2d 841, 846 (Tex. Crim. App. 1999). An
appellate court will reverse a trial court’s decision to exclude evidence only if the trial
court abused its discretion. Id.; Montgomery v. State, 810 S.W.2d 372, 390 (Tex.
Crim. App. 1990). As long as the trial court’s decision was “within the zone of
reasonable disagreement,” the appellate court will not intercede. Montgomery, 810
S.W.2d at 391. 
          A trial court may exercise its discretion in excluding evidence only when the
evidence’s probative value is substantially outweighed by the danger of unfair
prejudice, confusion of the issues, misleading the jury, by considerations of undue
delay, or needless presentation of cumulative evidence. Mozon, 991 S.W.2d at
846–47. Where the appellate court can say with confidence that by no reasonable
perception of common experience can it be concluded that proffered evidence has a
tendency to make the existence of a fact of consequence more or less probable than
it would otherwise be then it can be said that the trial court abused its discretion to
admit that evidence. Montgomery, 810 S.W.2d at 391.
Analysis
          The Texas Rules of Evidence generally prohibit evidence of specific instances
of an alleged victim’s past sexual behavior in a prosecution for sexual assault, but
such evidence must be admitted when constitutionally required. See Tex. R. Evid.
412(b)(2)(E). Appellant has asserted that he was denied the right to confront and
cross-examine P.T. about allegations of previous sexual behavior in violation of the
Confrontation Clauses in the Sixth Amendment of the United States Constitution and
Article I, Section 10 of the Texas Constitution. See U.S. Const. amend. VI; Tex.
Const. art. I, § 10. 
          When an appellant provides no explanation for construing the Texas
Constitution as conferring greater protection in an area of law than the federal
constitution, we will not address his state constitutional argument. See Black v. State,
26 S.W.3d 895, 896 n.4 (Tex. Crim. App. 2000). This specifically applies when, as
here, an appellant fails to point out any meaningful distinctions between the
Confrontation Clauses in the federal and state constitutions. See Lagrone v. State,
942 S.W.2d 602, 614 (Tex. Crim. App. 1997). Thus, the Court’s analysis will be
limited to the appellant’s federal claim.
          The Sixth Amendment to the Constitution guarantees the right of an accused
in a criminal prosecution “to be confronted with the witnesses against him.” U.S.
Const. amend. VI; Davis v. Alaska, 415 U.S. 308, 315, 94 S. Ct. 1105, 1110 (1974). 
“Confrontation means more than being allowed to confront the witness physically.” 
Davis, 415 U.S. at 315, 94 S. Ct. at 1110. Its fundamental purpose is to secure for
the opponent the opportunity to cross-examine the accuser. Davis, 415 U.S. at
315–16, 94 S. Ct. at 1110.
          Confrontation Clause issues must be considered on a case-by-case basis,
carefully taking into account the defendant’s right to cross-examine and the risk
factors associated with admission of the evidence. Lopez v. State, 18 S.W.3d 220,
222 (Tex. Crim. App. 2000). In weighing whether evidence must be admitted under
the Confrontation Clause, the trial court should balance the probative value of the
evidence sought to be introduced against the risk its admission may entail. Id. The
trial court maintains broad discretion to impose reasonable limits on
cross-examination to avoid harassment, prejudice, confusion of the issues,
endangering the witness, and the injection of cumulative or collateral evidence. Id.
          In Lopez, the appellant was convicted of aggravated sexual assault of a child
and indecency with a child. Id. The only evidence of Lopez’s guilt came from
accusations made by the complainant. Id. at 225. In order to impeach the
complainant, Lopez sought to introduce evidence that the complainant had previously
falsely accused his mother of physical abuse. Id. The Court of Criminal Appeals
held that the trial court was not required to admit the evidence because the prior
accusation had never been proven false, and the allegation that the complainant’s
mother had thrown him against a dishwasher was unlike his claim that the appellant
had forced him to engage in oral sex. Id. at 225–26.
          In Thomas v. State, 669 S.W.2d 420 (Tex. App.—Houston [1st Dist.] 1984, pet.
ref’d), an appellant charged with aggravated rape of a child was allowed to introduce
evidence that the complainant had made a previous allegation of rape that she later
admitted was untrue. Id. at 422. The complainant was asked if she had told her
family that she was raped by a tall, skinny man, and whether it was true. Id. She
answered it was not. Id. This Court found that the complainant’s credibility would
have been cast in doubt by the admission of this testimony and that the jury should
have been allowed to decide the issue. Id. at 423.
          Here, unlike the complainant in Thomas, P.T. never admitted that her allegation
of a sexual encounter with her cousin was false. She testified, in an in camera
hearing, to participating in sexual activities with George in the first grade and when
she was 14 or 15 years old. She did not retract or deny these statements at any time. 
There was no evidence offered by appellant to establish the falsity of P.T.’s claim. 
The information regarding George’s denial was introduced by defense counsel, and
no proffer was made. The trial court is not required to admit evidence of a prior false
accusation when the accusation was never shown to be false. Lopez, 18 S.W.3d at
225. Accordingly, we hold that the trial court did not abuse its discretion when it
decided that evidence of P.T.’s prior sexual history was inadmissible to attack her
credibility.
We overrule points of error one and two.
Sufficiency
          In points of error three and four, appellant argues that the evidence was legally
and factually insufficient to support his conviction because P.T.’s testimony was not
corroborated.
Standard of Review
          In reviewing a challenge to the legal sufficiency of the evidence to support a
conviction, the standard is whether, after viewing the evidence in the light most
favorable to the prosecution, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 2789 (1979); Staley v. State, 887 S.W.2d 885, 888 (Tex.
Crim. App. 1994). The reviewing court should not sit as a 13th juror in assessing the
evidence, but rather it should ensure the rationality of the factfinder’s decision. 
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). This means that we
do not reevaluate the weight and credibility of the evidence, but act only to ensure
that the jury reached a rational decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex.
Crim. App. 1993).
          In contrast, a factual sufficiency review requires a reviewing court to set aside
a verdict only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996). A court of appeals may not reverse a jury’s decision simply because it
disagrees with the result; the appellate court must defer to jury findings and may find
the evidence factually insufficient only where necessary to prevent manifest injustice. 
Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). This standard of review
focuses on whether, reviewing all of the evidence in a neutral light, the jury was
rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144
S.W.3d 477, 484 (Tex. Crim. App. 2004). We are required to consider the most
important evidence that the appellant claims undermines the jury’s verdict. Sims v.
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
Analysis
          The indictment charged appellant with “unlawfully, intentionally and
knowingly caus[ing] the sexual organ of [P.T.], a person younger than seventeen
years of age and not his spouse, to contact the mouth of the Defendant.” P.T. testified
that, over the course of eight years, the appellant touched her vagina, put his mouth
on her vagina, and penetrated her vagina with his penis. She recounted, in detail, her
nighttime routine with her father that progressed from hugs to massaging to
inappropriate touching that eventually led to oral sex and intercourse.
          The testimony of a victim, standing alone, is sufficient evidence to support a
sexual assault conviction. Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App.
1978). As long as the evidence provides the requisite proof needed to satisfy the
elements of the offense charged, the evidence is legally sufficient. Bousquet v. State,
47 S.W.3d 131, 137 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d). Therefore,
P.T.’s testimony concerning the appellant’s sexual activities was legally sufficient to
support the conviction.
          To rebut this evidence, appellant brought forth testimony from his other
daughter, his sister, and a neighbor of 10 years who had lived next to appellant while
the alleged activity took place. Appellant’s other daughter, D.T., testified that she
had not witnessed any sexual activity between appellant and P.T., nor had she
observed any behavior by P.T. that would have led her to believe that P.T. was being
abused. She did, however, testify to receiving massages from appellant that made her
feel “awkward.” In addition, she found a letter that P.T. had written to her boyfriend
in the sixth grade that mentioned appellant was sexually abusing her. D.T. testified
that, when she found the letter, she confronted her sister, and P.T. denied that the
abuse ever took place. 
          Appellant’s sister, Cynthia Adams, testified that she spoke regularly with P.T.
during the time of the alleged abuse and never noticed anything that would lead her
to believe that P.T. was being victimized. Appellant’s neighbor, Margarita 
Bermudez, also testified that she regularly saw and spoke with P.T. throughout the
years that the alleged abuse took place and never noticed any unusual behavior. 
However, Dr. Julie Rambur, a clinical psychologist, testified that approximately one-third of sexual abuse victims are asymptomatic and function as if the abuse were not
happening. 
          Appellant denied abusing his daughter and implied that her accusations may
have been caused by his decision to stop paying for various expenses as punishment
after she told him that she may have a sexually transmitted disease. But P.T. did not
initiate the call to CPS and over two months had passed since her conversation with
her father about possibly having a sexually transmitted disease. 
          The testimony by D.T., Cynthia Adams, Margarita Bermudez, and appellant 
does not require the verdict to be set aside. See Clewis, 922 S.W.2d at 129. The jury
was justified in believing the testimony of P.T., and this Court’s evaluation of the
evidence should not substantially intrude upon the jury’s role as the sole judge of the
weight and credibility of the witnesses’ testimony. Jones v. State, 944 S.W.2d 642,
648 (Tex. Crim. App. 1996). Examined in a neutral light, the evidence does not
appear so weak that the verdict is clearly wrong and manifestly unjust and that the
contrary evidence is not so strong that the standard of proof beyond a reasonable
doubt could not have been met. See Escamilla v. State, 143 S.W.3d 814, 817 (Tex.
Crim. App. 2004).
          We overrule points of error three and four.
Conclusion
          We affirm the trial court’s judgment.

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).