Opinion issued November 9, 2006




     











In The
Court of Appeals
For The
First District of Texas




NOS. 01-05-00395-CR
           01-05-00396-CR
           01-05-00397-CR
           01-05-00398-CR




JAMIE JOHN MOODY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause Nos. 971530, 971531, 971532, 971533




MEMORANDUM OPINION
          A jury convicted appellant, Jamie John Moody, of four separate offenses


 of
indecency with a child and assessed punishment at two years’ confinement on one of
the convictions and a fine of $10,000 and 10 years’ confinement, suspended with
community supervision, on the remaining three convictions. In five points of error,
appellant contends that (1 & 2) the trial court erred by excluding character evidence
of his “ethical treatment” of children and in denying his motion for new trial based
on the same grounds, (3) the evidence is legally insufficient in cause number 971533,
and (4 & 5) the evidence is factually insufficient in cause numbers 971532 and
971533. We reverse and remand.
BACKGROUND
          In November 2003, appellant worked at a used car lot owned by Chad Garland. 
Appellant and Garland were both amateur pool players and had been friends for
several years before appellant began working for Garland.
          During Thanksgiving week of 2003, the complainant, Garland’s seven-year-old
daughter (hereinafter referred to as “K.G.”) went to work with her father for several
days. She spent much of her time in a motor home on the lot, playing and watching
television.
          On Monday of that week, appellant gave Garland, his brother, and K.G. a ride
to a nearby car dealership to pick up some cars. Garland needed to have one of the
cars inspected, but K.G. did not want to go with him. So, appellant took K.G. and
returned to Garland’s place of business. When they arrived there, K.G. went to the
motor home and appellant followed her. Appellant pulled up K.G.’s shirt and licked
her stomach and chest in a “zigzag manner.” Appellant placed K.G.’s hand on his
penis and he reached inside her pants and touched her genitals. During her testimony
about the Monday offenses, K.G. referred to appellant’s penis as his “private” and to
her genitals as her “private.” She demonstrated what she meant by the term “private”
by using anatomically correct dolls during her testimony. K.G. also testified that
appellant did “the same thing” to her on Wednesday that he had done to her on
Monday, even though she did not use the anatomicallycorrect dolls to demonstrate
during her testimony about the Wednesday offenses.
          On Monday after Thanksgiving, Graciela Montemayor was babysitting K.G.
when K.G. saw a couple kissing on television. K.G. told Montemayor that appellant
had kissed her that way. Upon further questioning by Montemayor, K.G. told her that
on two occasions during Thanksgiving week, appellant had put K.G.’s hand on his
“private” and had put his hand on K.G.’s “private.” Montemayor reported this
information to Teresa Garland, K.G.’s mother, who called the Harris County Sheriff’s
Department the next day. Appellant was ultimately arrested and charged with four
counts of indecency with a child—two charges arising out of the Monday offenses
and two charges arising out of the Wednesday offenses.
EXCLUSION OF “GOOD CHARACTER” EVIDENCE
          In his first issue, appellant contends the trial court erred by not permitting him
to elicit evidence about his good character for the “ethical treatment” of children,
pursuant to Texas Rule of Evidence 404(a)(1).


 At trial, the following exchange took
place during the questioning of defense witness, Lisa Haynes:
[Defense Counsel]: How do you know Jamie Moody?
 
[Haynes]: Through Girl Scouting and volunteering, through his mother,
and he helps out with events we do for the girls.
 
[Defense Counsel]: What has his role been as far as Girl Scouts are
concerned?
 
[Prosecutor]: Your Honor, I object. This is improper character
testimony.
 
[Court]: I’m sustaining it.
 
[Defense Counsel]: Have you had the opportunity to observe Jamie and
his interactions with children?
 
[Haynes]: I have.
 
[Prosecutor]: Your Honor, I’m going to object. It’s improper – 
 
[Court]: Sustained.
 
[Prosecutor]: — character testimony.
 
[Defense Counsel]: Are you familiar with Jamie’s reputation in the
community for the ethical treatment of children?
 
[Haynes]: I am.
 
[Prosecutor]: I object to the form of that question. It’s an improper – it’s
improper character testimony.
 
[Court]: Approach the bench, please.
 
[Court]: I’ll allow you to ask reputation for law-abiding and
peacefulness, her opinion of those – about those two things, but I think
the rest of it is improper character testimony.
 
[Defense Counsel]: My understanding, that is a proper question, are you
familiar with his reputation in the community for the ethical treatment
of children.
 
[Court]: Do you have a case on that?
 
[Defense Counsel]: No, I don’t.
 
[Prosecutor]: I thought that was going to be his reputation for being a
peaceful and law-abiding citizen.
 
[Trial Court]: I’ll allow that, unless you bring me a case.
 
[Defense Counsel]: May I proceed, Your Honor?
 
[Court]: Yes.
 
[Defense Counsel]: Have you been able to formulate an opinion as to
Jamie’s reputation as to being a law-abiding citizen?
 
[Haynes]: Yes, I have.
 
[Defense Counsel]: And what is that opinion?
 
[Haynes]: My opinion is the highest that I can have of Jamie. He is
always been — 
 
[Prosecutor]: I object, Your Honor. That’s nonresponsive.
 
[Court]: Sustained.
 
[Defense Counsel]: Is that opinion good or bad?
 
[Haynes]: Good.

Preservation of Error
 
          We first address the State’s contention that appellant did not preserve error on
this point because he did not make an offer of proof. To preserve a complaint for
appellate review, a party must present a timely request, objection, or motion to the
trial court stating the specific grounds for the desired ruling if the specific grounds
were not apparent from the context. Tex. R. App. P. 33.1(a); Blue v. State, 41 S.W.3d
129, 130 (Tex. Crim. App. 2000); Lankston v. State, 827 S.W.2d 907, 909 (Tex. Crim.
App. 1992) (“[A]ll a party has to do to avoid the forfeiture of a complaint on appeal
is to let the trial judge know what he wants, why he thinks himself entitled to it, and
to do so clearly enough for the judge to understand him at a time when the trial court
is in a proper position to do something about it.”). Thus, preservation of error with
regard to the exclusion of evidence involves a two-step process: (1) informing the
trial court of the substance of the evidence sought to be admitted; and (2) informing
the trial court of the legal grounds for the admission of the evidence. See Willover
v. State, 70 S.W.3d 841, 845 n. 4 (Tex. Crim. App. 2002). If the trial court excludes
evidence, rule 103(a)(2) of the Texas Rules of Evidence requires an offer of proof of
the proposed evidence to the trial court unless the substance of the evidence is
apparent from the context. Guidry v. State, 9 S.W.3d 133, 153 (Tex. Crim. App.
1999); Howard v. State, 962 S.W.2d 119, 122 (Tex. App.—Houston [1st Dist.] 1997,
pet. ref’d). 
          Although appellant did not tender a formal offer of proof, with questions and
answers, such an offer is not required to preserve error when the counsel seeking
admission of the evidence describes the evidence to the trial court or when the
content of the evidence is apparent from the context. Fairow v. State, 943 S.W.2d
895, 897 n.2 (Tex. Crim. App. 1997). In this case, appellant’s counsel told the trial
court that he wanted to elicit evidence of appellant’s reputation for the ethical
treatment of children. Accordingly, we conclude that the nature of the disputed
evidence was apparent to all. Because the record demonstrates that the trial court
knew what it was excluding when it excluded appellant’s character evidence,
appellant adequately preserved error and satisfied rule 103(a)(2). Tex. R. Evid. 
103(a)(2). Therefore, we move to the merits of appellant’s contentions.
 
Evidence of Defendant’s Reputation for the Ethical Treatment of Children
          Appellant argues that he should have been allowed to elicit evidence that he
had a reputation in the community for the ethical treatment of children. Generally,
character evidence is not admissible to show that a person acted in conformity with
a character trait on a particular occasion. Tex. R. Evid. 404(a). However, an accused
in a criminal case is permitted to introduce evidence of a specific good-character trait
to show that it is improbable that he committed the charged offense, when that
character trait is relevant to the offense. Id.; Valdez v. State, 2 S.W.3d 518, 519 (Tex.
App.—Houston [14th Dist.] 1999, pet. ref’d); Thomas v. State, 669 S.W.2d 420, 423
(Tex. App.—Houston [1st Dist.] 1984, pet. ref’d). If evidence of a person’s character
or character trait is admissible, proof may be made through reputation or opinion
testimony. See Tex. R. Evid. 405(a).
          A defendant charged with sexual assault of a child is entitled to proffer
evidence of his good character for “moral and safe relations with small children or
young girls” under rule 404(a)(1)(A). Wheeler v. State, 67 S.W.3d 879, 882 (Tex.
Crim. App. 2002). In Thomas v. State, the defendant, who was charged with
aggravated sexual assault of a child, called five character witnesses to testify at the
guilt-innocence phase of the trial. 669 S.W.2d at 423. The trial court permitted the
witnesses to testify that the defendant had a good reputation in the community for
being peaceful and law-abiding, but did not permit them to testify that appellant had
a good reputation in the community for being a moral person and for the safe and
proper treatment of young children. Id. This Court held that the trial court erred by
excluding the proffered evidence because it was relevant to show the improbability
that appellant raped his step-daughter. Id. at 423-24. 
          In the case of In re G.M.P., 909 S.W.2d 198, 201 (Tex. App.—Houston [14th
Dist.] 1995, no pet.), the defendant, a juvenile, was charged with aggravated sexual
assault. At trial, the defendant attempted to present testimony from a character
witness that he had a reputation in the community for the “safe and moral treatment
of children.” Id. at 207. The Fourteenth Court of Appeals held that (1) the character
trait at issue—the safe and moral treatment of children—was pertinent to the charged
offense and (2) the crime was one of moral turpitude. Id. at 207-08. As such, the
court held that the trial court erred by excluding the evidence proffered by the
defendant’s reputation witness. Id. at 208.
          The State argues that G.M.P. and Thomas are distinguishable because, in those
cases, the defendant sought to introduce evidence relating to his reputation for the
“moral” treatment of children, while in this case, appellant sought to introduce
evidence relating to his reputation for the “ethical” treatment of children. We believe
this to be a distinction without a difference. Black’s Law Dictionary defines “ethical”
as “[o]f or relating to moral obligations that one person owes to another . . . .” 
Black’s Law Dictionary 573 (7th ed. 1999) (emphasis added). Thus, the moral
treatment of children and the ethical treatment of children are synonymous and
G.M.P. and Thomas are not distinguishable. Accordingly, we hold that the trial court
erred by refusing to permit appellant to elicit character evidence of his reputation for
the ethical treatment of children.
Harmless Error Analysis
          Having found error, we next conduct a harm analysis to determine whether the
error requires reversal of the trial court’s judgment. Generally, the erroneous
admission or exclusion of evidence is non-constitutional error governed by Texas
Rule of Appellate Procedure 44.2(b) if the trial court’s ruling merely offends the rules
of evidence. See Solomon v. State, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001). 
When evaluating harm from non-constitutional error flowing from the exclusion of
relevant evidence, we “need only determine whether or not the error affected a
substantial right of the defendant.” Morales v. State, 32 S.W.3d 862, 867 (Tex. Crim.
App. 2000). To make such a determination, we must decide whether the error had a
substantial or injurious effect on the jury verdict. Id.
          The State argues that the error was harmless because appellant’s character
witness was allowed to testify that, in her opinion, appellant’s reputation for being
peaceful and law-abiding was good, and that such testimony is substantially
equivalent to the testimony that appellant wished to introduce. We disagree. In
Thomas, as in this case, the character witnesses were permitted to testify that the
defendant had a reputation for being peaceful and law-abiding. Nevertheless, this
Court reversed the defendant’s conviction. 669 S.W.2d 423-24.
          We recognize that Thomas was decided before the enactment of rule 44.2(b),
which created a distinction for constitutional versus non-constitutional error, and that
in 1984, when Thomas was decided, all error was analyzed under what is today the
constitutiona-error-standard. See Tex. R. App. P. 44.2(a). However, we believe that
even under the non-constitutional error standard applicable to this case, appellant has
shown that the exclusion of evidence in this case was harmful.
          For a case applying a similar harmless-error standard to that applicable in this
case, we look to In re G.M.P., 909 S.W.2d at 210–11, a juvenile case applying the
civil harmless-error standard under former rule of appellate procedure 81(b)(1) (“An
appellate court shall not reverse a judgment on appeal unless the court finds that the
error complained of amounted to such a denial of the rights of the appellant as was
reasonably calculated to cause and probably did cause the rendition of an improper
judgment. In other words, we are to determine if the trial court’s errors denied
appellant a fair trial.”). In G.M.P., the defendant was prevented from putting on
evidence of his good reputation for the safe and moral treatment of children. Id. at
211. The State argued that this error was harmless because the witness testified
before the jury that she was comfortable allowing her 15-year-old son to be alone
with the appellant. Id. The court noted that the purpose of allowing reputation
evidence is to establish that it is improbable that the accused committed the crime. 
Id. The court concluded that, under the civil standard for harmless error, which is
similar to that for non-constitutional error in a criminal case, the defendant had been
harmed by the exclusion of reputation evidence because the evidence that was
permitted was “not the same caliber of evidence as reputation evidence.” Id.
          While evidence that appellant has a reputation of being peaceful and law-abiding might be relevant to a case involving violence,


 it does not address the
character issue raised by this case, i.e., whether appellant is likely to commit indecent
acts with a child. Evidence of appellant’s reputation for peacefulness is not even an
issue in this case , and evidence of appellant’s reputation as being law-abiding is far
too generic to address the specific character trait of pedophilia. Indeed, evidence of
a defendant’s reputation as law-abiding would be relevant to any criminal offense.
          Even though the witness, Haynes, was permitted to testify that she knew
appellant from his work with Girl Scouts and that he had a good reputation for being
a law-abiding citizen, such testimony was “not the same caliber evidence as [the]
reputation evidence” appellant sought to admit. There were only two witnesses to the
alleged indecent acts—appellant and K.G. There was no physical evidence. There
was no alibi evidence. The excluded evidence went to the heart of appellant’s sole
defense—that, given his reputation in the community for treating children ethically,
it was unlikely that he committed the charged offenses. We cannot say with fair
assurance that the jury would not have been influenced had it been allowed to hear
evidence that appellant had a reputation in his community for treating children
ethically or morally.
          Accordingly, we sustain issue one.
LEGAL SUFFICIENCY
          In his third point of error, appellant contends the evidence is legally
insufficient to sustain his conviction in cause number 971533 (the Wednesday
offense, which charged that appellant engaged in sexual contact by touching the
complainant’s genitals).


 To establish the offense of indecency with a child, the State
had to prove that appellant engaged in sexual contact by touching the child’s genitals
on or about November 26, 2003. Indecency with a child is defined as “engag[ing] in
sexual contact with [a] child or caus[ing] [a] child to engage in sexual contact.” Tex.
Pen. Code Ann. § 21.11(a)(1) (Vernon 2003). For purposes of the indecency with
a child statute, “sexual contact” means “any touching by a person, including touching
through clothing, of the . . . genitals of a child,” if committed “with the intent to
arouse or gratify the sexual desire of any person.” Tex. Pen. Code Ann. §
21.11(c)(1) (Vernon 2003).
          A legal-sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152, 155 (Tex.
App.—Houston [1st Dist.] 1997, no pet.). As the exclusive judges of the facts, the
jurors may believe or disbelieve all or any part of a witness’s testimony. Penagraph
v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981). The jury, which heard
testimony from the complainant, was in the best position to weigh the evidence and,
on appeal, we will defer to the jury’s assessment of credibility under these
circumstances. See Cain v. State, 958 S.W.2d 404, 408–09 (Tex. Crim. App. 1997).
          Appellant contends that the evidence is legally insufficient to prove that he
committed the offense of indecency with a child because the “prosecutor did not ask
the complainant specific questions, or demonstrate with the anatomically correct doll,
in order to prove that the [complainant’s] genitals were actually touched.”
          During her testimony about the Monday offenses, K.G. referred to her genitals
as her “private.” She demonstrated what she meant by the term “private” by using
anatomically correct dolls during her testimony. When testifying about the
Wednesday offenses, K.G. said that appellant did “the same thing” to her on
Wednesday that he did on Monday. After repeated questioning from the prosecutor
regarding the Wednesday offenses, the complainant explicitly testified that appellant
touched her on her private area, but did not use the anatomically correct doll to
indicate again that by the term “private area” she was referring to her genitals.
          Appellant contends that (1) the conclusion that the genitals were actually
touched in the Wednesday offense can only be arrived at by conjecture and
speculation, and (2) conjecture and speculation do not enable a rational trier of fact
to find the elements of the offense proven beyond a reasonable doubt. We disagree.
          Viewing the evidence in the light most favorable to the verdict, a rational trier
of fact, after hearing K.G. testify that on Monday, appellant touched her “private,” 
seeing her use the anatomically correct doll to demonstrate that by “private” she was
referring to her genitals, and later hearing her say that appellant “did the same thing”
on Wednesday, could conclude that appellant touched K.G.’s genitals during the
Wednesday offense also. Therefore, K.G.’s testimony, standing alone, is sufficient to
support a conviction for sexual assault. See Jensen v. State, 66 S.W.3d 528, 534
(Tex. App.—Houston [14th Dist.] 2002, pet. ref’d). Accordingly, we hold that the
evidence is legally sufficient to support appellant’s conviction for indecency with a
child in cause number 971533.
          We overrule appellant’s third point of error.
 
CONCLUSION
          Having overruled appellant’s legal sufficiency claim and sustained his first
point of error regarding the exclusion of character evidence, we reverse the judgments
of the trial court and remand for further proceedings. We need not address the
remaining issues on appeal, and decline to do so.
 
 
 
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Taft and Nuchia

Do not publish. Tex. R. App. P. 47.2(b).